E. JESSERICH, Plaintiff in Error, v. JOHN WALRUFF, Defendant in Error.

Kansas City Court of Appeals, November 14, 1892.

Contract: ACTION: IMPLIED: PHYSICIAN'S BILL: EMPLOYER AND EMPLOYE. When a person requests a physician to perform service for a patient, the law does not raise an implied promise to pay the reasonable value of the services so rendered, unless the relation of the person making the request to the patient is such as raises a legal obligation on his part to call in a physician and pay for his services, and there is no such relation existing between employer and employe.

*Error from the Jackson Circuit Court.*—HON J. H. SLOVER, Judge.

AFFIRMED.

*Beebe & Watson,* for plaintiff in error.

(1) The promise to pay for the reasonable value of plaintiff's services which the law would infer, assuming his account of the telephone message to be true, was not within the statute of frauds. (2) The court erred in refusing to give the declarations of law asked by plaintiff.

*Scammon, Stubenranch & Pence,* for defendant in error.

(1) Where a person requests a physician to perform a service for a patient, unless the relation of

that person to the patient is such as raises a legal obligation on his part to call a physician and pay for his services, an implied promise is not raised to pay the reasonable value of the services of the person requesting the physician to call. *Meisenbach v. Cooperage Co.*, 45 Mo. App. 232; *Veitch v. Russell*, 3 Ad. & Ell. (N. S.) 927; *Sellen v. Norman*, 4 Car. & P. 80; *Crane v. Baudonine*, 55 N. Y. 256; *Smith v. Watson*, 14 Vt. 332; *Boyd v. Sappington*, 4 Watts, 247. The testimony of the witness, Max Jesserich, son of the plaintiff, is of no importance. It is indefinite and uncertain; Maeder's name was not mentioned. Admitting it to be true (it is denied by the defendant) it cannot bind the defendant for the reason that, at the time the alleged promise was made, the medical services of plaintiff had about all been rendered and the consideration for the promise passed. It was not based upon any previous request, nor made in discharge of any subsisting legal obligation. (2) It is claimed by plaintiff in error that defendant's answer admits a promise to pay but alleges that the promise was within the statute of frauds. "Wherever the answer contains a general denial, there can be no implied admission of any fact stated in the petition." *State to use v. Samuels*, 28 Mo. App. 649; *Nelson v. Brodhack*, 44 Mo. 596; *Ledbetter v. Ledbetter*, 88 Mo. 66.

SMITH, P. J.—This was an action brought by the plaintiff, a practicing physician and surgeon, against the defendant, a brewer, to recover the sum of $300 for medical and surgical services performed for one Joseph Maeder, at the special instance and request of defendant. The answer was a general denial, accompanied with the plea of the statute of frauds. The cause was tried before the court which resulted in a judgment for defendant, to reverse which plaintiff has brought the case here by writ of error.

The plaintiff complains of the action of the trial court in refusing a number of instructions asked by him. The theory of these instructions is that, if the plaintiff was requested by the defendant to treat Maeder, and that the former complied with such request then the latter is liable, unless the former was given to fairly understand that he was called at the request of Maeder. Maeder was a mere employe of defendant in his brewery. The rule is now well established that, when a person requests a physician to perform service for a patient, the law does not raise an implied promise to pay the reasonable value of the services so rendered, unless the relation of the person making the request to the patient is such as raises a legal obligation on his part to call in a physician and pay for his services. *Meisenbach v. Cooperage Co.*, 45 Mo. App. 234, and the authorities there cited. Tested by this rule it is too plain for argument that the theory embraced in the plaintiff's instructions was erroneous.

As between the defendant and Maeder, the law raised no implied promise to pay the plaintiff for the professional services rendered for Maeder by plaintiff at the request of defendant, and for that reason the defendant was not obliged to inform the plaintiff that he was called at the request of Maeder, or that he would not be responsible for the value of the professional services so rendered by plaintiff, in order to exempt himself from liability.

We think the court committed no error in refusing to adopt the theory of the plaintiff's refused instructions, and, therefore, it results that the judgment must be affirmed. All concur.