## C. R. HASLER, Respondent, v. OZARK LAND & LUMBER COMPANY, Appellant.

### St. Louis Court of Appeals, May 12, 1903.

1. **Assumpsit:** JUSTICE'S COURT: AMENDED STATEMENT. The second count, that constituted the amendment to the statement made in the circuit court, could very properly be treated as redundant and this is the view that was taken by the trial court.

2. ———: ———: EMPLOYMENT, LIABLE: VERDICT OF JURY, FINAL. Whether the physician performed the medical services for which he sues at the request of, and for which he looked to the defendant for remuneration, was a question for the jury, and that question having been submitted to the jury, its verdict for the plaintiff will not now be disturbed.

Appeal from Shannon Circuit Court.—*Hon. W. N. Evans,* Judge.

AFFIRMED.

*James Orchard* and *James H. Dorris* for appellant.

(1) Our first contention is that the court erred in not striking out plaintiff's amended statement, for the reason that the last count was a new cause of action and different from the one tried in the justice court, which is not tolerated by our statute or the courts. R. S. 1899, sec. 4077; Boughton v. Railway, 25 Mo. App. 10. (2) When an attempt is made to hold a third party for a debt, a promise to pay the credit must be given solely to him and no one else. Gill v. Reed, 55 Mo. App. 246; Price v. Railroad, 40 Mo. App. 189; Hoberle v. O'Day, 61 Mo. App. 390; Penninger v. Reiley, 44 Mo. App. 255.

No brief for respondent.

REYBURN, J.—This action was begun before a justice of the peace in Shannon county to recover a balance of $135 for professional services rendered in medical attendance upon and treatment of Jacob and Robert Hensperker, employees of defendant, during their affliction with smallpox. The complaint filed with the magistrate alleged that the services were performed at the request and upon the sole credit of defendant and that it had promised to pay plaintiff therefor. After appeal to the circuit court an amended statement of the cause of action was filed comprehending, in addition to the first complaint, a count based on the same cause of action, but containing averments that defendant had created a hospital fund by contributions from its employees, including the patients named, for the purpose of employing and paying a physician for medical treatment and attendance for such employees as might require them. A motion filed by defendant to strike out the amended petition was overrruled, and the cause proceeded to trial before a jury which returned a verdict for plaintiff. The first error assigned is that the amended pleading stated a new cause of action and con-

stituted a departure from the original complaint. Applying the test of the rule lately established by the Supreme Court, it may be doubted whether the second count was more than the repetition of the primary cause of action with material averments added thereto which could have been treated as redundant and surplusage. Grigsby v. Barton County, 169 Mo. 221. Such was the view probably adopted by the trial court which excluded upon the objection of defendant, testimony tending in the direction of the existence of such fund for medical treatment of defendant's employees.

2. The arbitrary instruction asked by defendant for a verdict in its favor was properly refused. The testimony of plaintiff entitled him to have submitted to the jury, the issue of his employment by defendant to render the services performed, and the verdict finds abundant foundation in the evidence adduced at the trial. This case does not fall within the well-established rule sought to be invoked by appellant, that unless such relation exists between the party requesting a physician to render professional services and the patient, as raises a legal obligation on his part to call in a physician and pay for his services, the law will not create by implication a promise to pay the reasonable value of the services thereafter performed, and such relation can not be claimed to exist between employer and employee. The testimony here produced discloses that the plaintiff had declined attendance upon the employees, until the vice-president and general manager of their employer had directed him to render the services and agreed to pay therefor. The evidence also shows that plaintiff had received $40 which he claimed was in part payment, but which defendant claimed was a personal loan by defendant's official advancing it, though it was conceded to have been paid from defendant's funds, and without any acknowledgment or obligation therefor given back by plaintiff. The authorities cited merely reiterated the rule above recognized.

Meissenbach v. Southern Cooperage Co., 45 Mo. App. 232; Jesserich v. Walruff, 51 Mo. App. 270.

3. The instruction for plaintiff assailed as invading the province of the jury by directing a verdict for not less than $40, will be found on analysis to require a finding that the services were worth in excess of that amount, of which plaintiff admitted receipt, before a verdict could be returned for him, and was therefore free from error, and could not have operated to the detriment of defendant.

4. The instruction that the jury might presume that the executive officer of a business corporation, at once its vice-president and general manager, had authority to make the contract on behalf of defendant to which plaintiff testified, under the conditions presented by the record, was proper, and the authority of such officer was not the subject of dispute nor was the cause tried on any such issue. The case was one essentially for the determination of a jury, subject to the supervising discretionary power of the trial court to set aside the verdict, if in its judgment legal cause for such action existed, and no ground has been shown justifying the disturbance of the verdict.

Affirmed. *Bland, P. J.,* and *Goode, J.,* concur.