## A. B. FREEMAN, Respondent, v. JUNGE BAKING COMPANY, Appellant.

### Kansas City Court of Appeals, June 24, 1907.

CORPORATIONS: Authority of General Manager: Employment of Physician: Evidence. Evidence of a general manager of a corporation as to his authority to employ a physician to wait upon an injured employee is reviewed and held sufficient to support a verdict.

Appeal from Jasper Circuit Court.—*Hon. Hugh Dabbs,* Judge.

AFFIRMED.

*Blair & Blair* for appellant.

(1) The court should have given the declaration in nature of demurrer to the evidence. Defandant is not liable for the reasonable value of plaintiff's services because it made no express agreement to pay therefor. The law does not imply a contract on its part to pay therefor. Meisenbach v. Cooperage Co., 45 Mo. App. 232; Jesserich v. Walruff, 51 Mo. App. 270; Rankin v. Beale, 68 Mo. App. 325; Hasler v. Lumber Co., 101 Mo. App. 138. (2) An express agreement does not exist unless the terms thereof are declared at the time. Such agreements are only provable by direct evidence of the terms of the agreement. Nothing is left to implication. 7 Am. and Eng. Ency. Law (2 Ed.), 91; 15 Am. and Eng. Ency. Law (2 Ed.), 1078; 1 Beach, Modern Law of Contracts, sec. 14, page 22.

*C. V. Buckley* for respondent.

(1) A corporation is liable for its contracts made by an agent (and they are all made by agents of some kind) either expressly authorized or within the scope of his employment. 1 Beach, Private Corp., secs. 186, 188; Reynolds v. Railway, 114 Mo. App. 670; Kelley v. Railway, 113 Mo. App. 468; Tucker v. Railroad, 54 Mo. 177.

ELLISON, J.—Plaintiff is a physician and surgeon. He was called professionally to attend Pontis, one of defendant's employees whose hand was severely injured while engaged in its service in its bakery. The judgment in the trial court was for plaintiff.

There was evidence tending to show that plaintiff was called by telephone to come to see Pontis. That he responded to the call and that he found him suffering with a crushed hand. That defendant's general manager employed plaintiff "to take care of him." That the manager, with the assistance of another, put Pon-

tis in plaintiff's buggy for the purpose of having him taken to the hospital. The evidence further tended to show that the general manager engaged the hospital to care for him and that the defendant paid the bill for such care. That the plaintiff rendered the service and that his bill is reasonable is not disputed. But defendant contends that its general manager did not employ plaintiff, and that if he did, he had no authority to do so.

We considered the question of the authority of a general officer of a corporation to employ a physician to attend an employee, in Evans v. Mining Co., 100 Mo. App. 670; Reynolds v. Railway, 114 Mo. App. 670. In this case the evidence of the defendant's manager himself, amply sustains plaintiff's claim that he had authority to make the employment. He stated that his mother was president of the corporation and that she lived in Chicago and that he operated the plant and looked after its affairs, and that in case of necessity he employed physicians and had done so. He stated that when Pontis was hurt he directed one of the female employees to telephone for a physician; that plaintiff answered the call and that he put him under the care of plaintiff. But he qualified that by saying for "that time only." He however admitted that he knew plaintiff was continuing to attend Pontis and that he never countermanded the first employment. He was called back to the witness stand for an explanation of what he meant by his statement of having authority to employ physicians. What he said was not satisfactory and leaves us clearly impressed with the truth of his testimony that he employed plaintiff and that he had authority to do so. We do not see how the trial court could have done otherwise than find for the plaintiff.

We regard the rulings made on the evidence and the instructions as manifestly proper. The judgment is affirmed. All concur.