ST. LOUIS, KANSAS CITY AND SPRINGFIELD

# COURTS OF APPEALS

AT THE

MARCH TERM, 1909.

*(Continued from Volume 140)*

D. S. RICE, Respondent, v. J. M. COOK, Appellant.

St. Louis Court of Appeals, July 6, 1909.

COVENANT OF WARRANTY: Judgment, Effect of: No Notice Necessary, Where Covenantor is Party to Suit. In an action for the breach of a covenant of warranty of title to real estate, a judgment in a suit to quiet title against covenantor and covenantee sufficiently establishes the paramountcy of the title under which covenantee was evicted to warrant a recovery by him, notwithstanding he did not give covenantor notice of that suit. Covenantor being a party defendant, such a notice would be superfluous.

Appeal from Stoddard Circuit Court.—*Hon. James L. Fort,* Judge.

AFFIRMED.

*Henry S. Shaw* for appellant.

(1) The notice to a warrantor of land of the adverse suit therefor, in order to conclude him by the judgment therein, must be distinct, unequivocal, and

expressly require him to defend such adverse suit. Wheelock v. Overshiner, 110 Mo. 100; McCrillis v. Thomas, 110 Mo. App. 699. (2) Cook was a necessary party as to the tract claimed by him and was bound to defend that. An appearance for one purpose is not, necessarily, an appearance for all purposes. Anderson v. Brown, 9 Mo. 646. (3) Where one is bound to protect another from liability he is bound by the result of a litigation to which such other is a party, provided he had notice of the litigation and an opportunity to control and manage it. Koontz v. Kaufman, 31 Mo. App. 397; Strong v. Insurance Co., 62 Mo. 289; 2 Black on Judgments, sec. 570. (4) Rice and Cook were not adversary parties in the Mott case, hence the judgment in that case is not *res judicata* as between them. Mc-Mahon v. Geiger, 73 Mo. 145; Bank v. Bartle, 114 Mo. 276; Comstock v. Keating, 91 S. W. 416. (5) Rice waived his right to require Cook to defend the title to the land by employing counsel and defending on his own theory. Williams v. Railroad, 153 Mo. 487; 29 Am. and Eng. Ency. Law (2 Ed.), p. 1103, notes 2 and 3. (6) The sheriff's deed was competent to show color of title in defendant and his grantee. Hickman v. Link, 97 Mo. 482. (7) Where a deed is dated subsequent to the date of the acknowledgement, the latter date will be regarded as the date of the deed. Gorman v. Stanton, 5 Mo. App. 595. (8) In the absence of a statutory requirement, a date is not essential to the validity of a deed. 9 Am. and Eng. Ency. Law, pp. 150, 151, note 5.

*George W. Murger* and *H. H. Larimore* for respondent.

NORTONI, J.—This is an action on the usual covenant of warranty contained in a deed of conveyance. Plaintiff recovered and the defendant appeals. It appears that plaintiff purchased from the defendant

eighty acres of land situate in Stoddard county. The defendant executed to him a deed of conveyance containing the usual covenants of warranty. About a year after plaintiff purchased the land from the defendant, one Mott and others instituted a suit to define and quiet the title of said lands against both the plaintiff and defendant in the circuit court of Stoddard county. Both plaintiff covenantee and defendant covenantor were duly served with process of summons in that case and appeared and defended the same in the circuit court. Plaintiffs, Mott and others, recovered judgment in that suit against both the present plaintiff and defendant, his covenantor. No appeal was prosecuted from that judgment. In due time, the present plaintiff, covenantee, was duly evicted as a result of the judgment in the case of Mott and others against the present plaintiff and defendant, under the paramount title thus established. After plaintiff had been evicted, he instituted this suit against defendant, his covenantor, on the covenant of warranty contained in the deed. Upon a trial of the present action, plaintiff introduced in evidence the record and judgment in the case of Mott and others against the present defendant and plaintiff himself, to the end of establishing the paramountcy of the title under which he had been evicted. The defendant objected to this record and judgment, for the reason plaintiff had failed to notify him of the suit of Mott and others against the present plaintiff and defendant. The objection was overruled and the evidence received. Plaintiff introduced no other evidence in the present case tending to show the title under which he had been evicted was paramount to that conveyed to him by the defendant. The sole argument advanced here for a reversal of the judgment is that the plaintiff is not entitled to recover in this action in the absence of a showing, other than the judgment and record in the case of Mott and others against the present plaintiff and defendant, that the title under

which plaintiff was evicted was paramount. This argument proceeds from the fact that plaintiff failed to notify the defendant of the pendency of the action of Mott and others against the present plaintiff and defendant and call upon defendant to defend the same. It is said unless plaintiff notified the defendant of that suit, and required him as covenantor to defend the title of the plaintiff covenantee in the deed, then the defendant is not bound by the judgment in that case. Or in other words, that that judgment is not sufficient to establish the paramountcy of the title under which the plaintiff covenantee was evicted. The principal cases relied upon to support this argument are Wheelock v. Overshiner, 110 Mo. 100; McCrillis v. Thomas, 110 Mo. App. 699. There is no doubt that the rule invoked is salutary and just in a proper case. It finds appropriate application when the covenantor was not a party to the suit which established the paramount title. Not so, however, in those cases where both the covenantor and covenantee are parties to the judgment which establishes the paramount title. Referring to the two principal cases relied upon by defendant here, it will be found that the opinion in each recites the defendants were not parties to the suit in which the paramount title was established. Those cases are entirely without influence on the facts now before the court. However, in those cases where the paramount title is established in a suit against both the covenantor and covenantee, and it appears the covenantor who was a party thereto as well as the covenantee appeared and defended the action, the judgment establishing the paramount title is conclusive against him in an action on the covenant by the covenantee. This is the settled law. Indeed, in such cases notice from the covenantee to the covenantor to appear and defend the action is entirely superfluous, for it, at most, could require no more than the covenantor has actually performed. Nor could such notice confer any rights upon the covenan-

tor looking to the protection of his own interests which are not conferred by having been made defendant in the original action. [Collins v. Baker, 8 Mo. App. 588 (manuscript opinion); 8 Amer. and Eng. Ency. Law (2 Ed.), 206 and cases cited in the notes.] The present defendant being a party defendant as well to 'the suit of Mott and others against the present plaintiff and defendant, which resulted in establishing the paramount title against plaintiff covenantee, he not only participated in defending the title therein but was authorized as well to file a motion for new trial, prosecute an appeal therefrom, etc. Having failed to do so, he is concluded by the result of that judgment establishing the paramount title against his covenantee. That judgment established the paramountcy of the same title against him as covenantor, and the court did not err in so ruling.

The judgment should be affirmed. It is so ordered. *Reynolds, P. J.,* and *Goode, J.,* concur.