## HARRY GREENSFELDER, Respondent, v. WITTE HARDWARE COMPANY, Appellant.

### St. Louis Court of Appeals, April 6, 1915.

1. **APPELLATE PRACTICE: Questions Reviewable: Assignments of Error.** An assignment of error, that the trial court should have sustained appellant's motion for a new trial, on the ground that the verdict was against the weight of the evidence, was for the wrong party, and should have been for appellant, presents nothing for review in the appellate court.

2. **PHYSICIANS AND SURGEONS: Contract of Employment: Services Rendered Third Person.** One who is under no legal duty to provide medical attendance for a third person, but who calls a physician to attend the third person, who has been injured or is otherwise in urgent need of medical attention, does not ordinarily make himself liable to the physician for the services rendered.

3. **CORPORATIONS: Officers: Authority.** The secretary of a corporation, who is in complete charge of its business and performs the duties that ordinarily devolve upon the president or other chief officer, has authority to bind the corporation by a contract with a physician to attend an employee who has sustained a serious injury in the course of his employment.

4. **TRIAL PRACTICE: Demurrer to Evidence: Rules of Decision.** In passing upon a demurrer to the evidence, the court should view the evidence in the light most favorable to plaintiff.

5. **PHYSICIANS AND SURGEONS: Contract of Employment: Services Rendered Injured Employee: Liability of Employer.** Where a physician rendered services to an employee of a cor-

poration who was injured in the course of his employment, relying upon a direction so to do by an authorized officer of the corporation and intending to charge the corporation therefor, and the officer intended at the time to bind the corporation to compensate the physician, all of the elements of an actual contract exist, entitling the physician to recover, and it matters not that the parties failed to expressly formulate the agreement by the use of appropriate words to that end.

6. **CONTRACTS: Evidence: Establishment of Contract by Inferences.** Legitimate inferences may be utilized in proof of an actual contract, where the mutual understanding and intent of the parties can be thus fairly established; but such a contract, resting in part at least upon inference, is quite different from a contract strictly implied by law.

7. **PHYSICIANS AND SURGEONS: Contract of Employment: Services Rendered Injured Employee: Liability of Employer.** The rule announced by the Supreme Court in Hunicke v. Quarry Company, 262 Mo. 560, that where an employee is so badly injured that he is rendered incapable of assisting himself, the law casts a duty upon the employer to furnish medical aid, for a negligent breach of which duty an action will lie, is to be reckoned with in determining whether or not a contract exists between a physician and an employer, under which the physician would be entitled to recover against the employer for services furnished an employee who was injured in the course of his employment, at least where the physician is summoned for emergency treatment.

8. ——: ——: ——: ——: **Sufficiency of Evidence.** A physician was summoned to attend an employee of a corporation who had been injured in the course of his employment. The physician made inquiry as to who would pay for the treatment and an officer of the corporation, authorized to bind it in such matters, told the physician to take the patient to a hospital, if necessary, and to do the best he could for him. The physician took the patient to a hospital and treated him for some time, intending to charge the corporation therefor. *Held*, under these facts, that the jury were warranted in finding that the officer intended to bind the corporation to make reasonable compensation to the physician for the services rendered the patient, not only with respect to the first, or emergency, treatment, but also with respect to the treatment given the patient at the hospital, and hence it is *held* that the evidence was sufficient to warrant a recovery by the physician.

Appeal from St. Louis City Circuit Court.—*Hon. Rhodes E. Cave,* Judge.

189MA37

AFFIRMED.

*M. U. Hayden* and *H. H. Scott* for appellant.

(1) Where one person merely requests a physician to perform services for another, the law does not raise an implied promise, on the part of the one making the request, to pay for the services so rendered. Meisenbach v. Cooperage Company, 45 Mo. App. 232; Jesserich v. Walruff, 51 Mo. App. 270; Ghio v. Schaper Bros. Mercantile Co., 180 Mo. App. 686, 163 S. W. 553; Morrell v. Lawrence, 203 Mo. 363. (2) An employer is under no legal obligation to provide medical or surgical treatment for an employee who has been injured while in the performance of the duties of his employment; therefore, there is no implied agreement, on the part of the employer, to pay for such treatment from the sole fact of the relationship of employer and employee. 2 Thompson on Corporations (2d Ed.), sec. 1430; 10 Cyc., page 926, paragraph 6; Meisenbach v. Cooperage Company, 45 Mo. App. 232; Jesserich v. Walruff, 51 Mo. App. 270; Hasler v. Ozark Lumber & Land Co., 101 Mo. App. 132; Weinsberg v. St. Louis Cordage Co., 135 Mo. App. 553, 116 S. W. 461; Ghio v. Schaper Bros. Merc. Co., 180 Mo. App. 686, 163 S. W. 553; Cotnam v. Wisdom, 83 Ark. 601, 12 L. R. A. (N. S.) 1090; Raoul v. Newman, 59 Ga. 408; Starrett v. Miley, 79 Ill. App. 658; Norton v. Rourke, 130 Ga. 600, 124 Am. St. 187; Spelman v. Mining Co., 26 Mont. 76, 66 Pacific Rep. 597; Godshaw v. Struck, 109 Ky. 285; Davis v. Forbes, 171 Mass. 548, 47 L. R. A. 170; Manufacturing Co. v. Glover, 29 Ga. 399. (3) An employer can be held responsible for medical or surgical treatment rendered by a physician to an injured employee only by reason of an actual agreement to pay for same. Weinsberg v. St. Louis Cordage Co., 135 Mo. App. 553, 116 S. W. 461; Hasler v. Lumber Co., 101 Mo. App. 132; Ghio v. Schaper Bros. Merc. Co., 180

Mo. App. 686, 163 S. W. 553; Morrell v. Lawrence, 203 Mo. 363; Wagner v. Illuminating Co., 141 Mo. App. 51. (4) The secretary of a mercantile corporation has no inherent authority or power by virtue of his office to bind the corporation for the payment of services rendered by a physician to an injured employee of the corporation. In order to recover from the corporation for such services, upon the alleged agreement of the secretary to pay for same, it must appear either that the directors had theretofore authorized him to employ physicians, on the responsibility of the corporation, or that they had ratified his action in so doing, on prior occasions. Stanley v. Transit Co., 136 Mo. App. 388; Hardware Co. v. Grocer Co., 64 Mo. App. 677; Famous Shoe & Clothing Co. v. Iron Works, 51 Mo. App. 66; Bank v. Hogan, 47 Mo. 372; 2 Thompson on Corporations (2 Ed.), secs. 1513-1514; City of Chicago v. Stein, 252 Ill. 409, 413; William v. Harris, 198 Ill. 501; Harris v. Hotel Co. (Sup. Court of New Jersey), 70 Atl. 330; 3 Cook on Corporations (6 Ed.), sec. 717. (5) Even in those cases holding that the executive officers of a corporation have authority to employ a physician, on the responsibility of the corporation, to render services for an injured employee, it is further held that their authority is limited to providing emergency treatment and that such authority extends no further than the emergency. 5 Labatt on Master & Servant (2 Ed.), sec. 2004, subdiv. (d), p. 6213; Railroad v. McMurray, 98 Ind. 358; Slater v. Telephone Co., 112 N. W. 600, 13 L. R. A. (N. S.) 545 (Neb.); Aimone v. Railroad, 182 Ill. App. 592; Holmes v. McAllister, 123 Mich. 493; Railroad v. McDonald, 12 Ind. App. 620, 40 N. E. 821; Railroad v. McDonald, 17 Ind. App. 492, 60 Am. St. 172; Cushman v. Mining Co., 170 Ind. 402, 16 L. R. A. (N. S.) 1078, 127 Am. St. 759; Weinsberg v. Cordage Co., supra. (6) The law is well settled that the foreman of one of many departments of a business corporation has no implied authority, by

virtue of his position, to bind the corporation for the payment of the services of a physician rendered an injured employee of the corporation. Brown v. Railroad, 67 Mo. 122; Tucker v. Railroad, 54 Mo. 177; Meisenbach v. Cooperage Co., 45 Mo. App. 232; Godshaw v. Struck, 109 Ky. 285; King v. Lithographing Co., 183 Mass. 301. (7) In order to sustain the judgment, in this case, the burden is upon respondent to show: First, that he rendered the services sued for; second, that at the time when he began, and was, performing such services, he intended to charge appellant therefor; third, that at the same time appellant intended to pay for same. The failure to establish by a preponderance of the evidence any one of these facts will preclude recovery in this case. Weinsberg v. Cordage Co., supra; Ghio v. Schaper Bros., supra; Hiemenz v. Goerger, 51 Mo. App. 586; Wagner v. Illuminating Co., 141 Mo. App. 51; Morrell v. Lawrence, 203 Mo. 363. (8) The meeting of the minds which is essential to the formation of a valid actual contract is not determined by the secret intentions of the parties, but by their expressed intentions which may be at variance with the former. Brewington v. Mesker, 51 Mo. App. 348; Northrup v. Coulter, 150 Mo. App. 639; Embry v. Dry Goods Co., 127 Mo. App. 383; Stopp Food Co. v. Bridges, 160 Mo. App. 122; 9 Cyc., pages 245 and 246. (9) The intention, on the part of respondent, to charge appellant must have existed at the time that he began, and was, performing the services sued for. It cannot result from, or be affected by, any subsequent circumstances. Bittrick v. Gilmore, 53 Mo. App. 53; Guenther v. Birkicht, 22 Mo. 439; Morris v. Barnes, 35 Mo. App. 412; Lippmann v. Tittmann, 31 Mo. App. 69; Hart v. Hart's Admr., 41 Mo. 441. (10) If, at the time of beginning his treatment of the injured, respondent intended to charge either the injured person or any other person than appellant, for his services, he cannot recover from appellant. Kinner v.

Tschirpe, 54 Mo. App. 575; Cases cited under Subdivision IX. (11) Appellant cannot be held liable in this case because it did not object to respondent's treatment of Siemens, or because it did not notify him to discontinue his services. Hartnett v. Christopher, 61 Mo. App. 65; Hiemenz v. Goerger, 51 Mo. App. 586. (12) There being no substantial conflict in the testimony, and all of the testimony, in the record, having been introduced by respondent, the question of appellant's liability is one of law and it is for this court to determine whether there is any substantial evidence tending to establish an actual contract, on the part of appellant, to pay respondent for the services here sued for. Stafford v. Adams, 113 Mo. App. 717; Sexton v. Railroad, 245 Mo. 254, 149 S. W. 21; Champagne v. Haney, 189 Mo. 726; Pickens v. Railroad, 125 Mo. App. 419, 102 S. W. 631; Dutcher v. Railroad, 241 Mo. 137, 145 S. W. 63; State ex rel. v. Hallen, 165 Mo. App. 422, 146 S. W. 1171.

*Bernard Greensfelder* for respondent.

(1) If the relation of the person making the request for medical attention is such as to raise the legal obligation, on his part, to call a physician, and services are rendered pursuant to such request, the party making the request must pay the physician. Weinsberg v. St. Louis Cordage Co., 135 Mo. App. 553; Ghio v. Mercantile Co., 180 Mo. App. 686; Hunicke v. Meramec Quarry Co., 172 S. W. 43. (2) Defendant by its highest executive officer then present having directed medical treatment for one of its employees, is bound to pay for the services rendered whether there was a direct promise to pay therefor or not. Wagner v. Illuminating Co., 141 Mo. App. 51, 69; McCarthy v. Railroad, 15 Mo. App. 383; Weinsberg v. St. Louis Cordage Co., 135 Mo. App. 553; Newberry v. Granite & Construction Co., 180 Mo. App. 672; Ghio v. Mercantile

Co., 180 Mo. App. 686. (3) It was for the jury to determine from all the evidence, and the inferences to be drawn therefrom, whether, first, plaintiff was requested to render the services sued for by some officer having authority to act; second, that plaintiff intended to charge the defendant; third, that the officer who requested the rendition of the treatment intended to bind defendant. Weinsberg v. St. Louis Cordage Co., 135 Mo. App. 553; Hasler v. Ozark Lumber Co., 101 Mo. App. 136; McCarthy v. Railroad, 15 Mo. App. 385; Freeman v. Junge Baking Co., 126 Mo. App. 124; Newberry v. Granite & Construction Co., 180 Mo. App. 672; Ghio v. Schaper Bros. Mercantile Co., 180 Mo. App. 686; Morrell v. Lawrence, 203 Mo. 363; French v. Burlingame, 155 Mo. App. 548. (4) Upon receiving notice of the injury and the employment of a physician by one authorized to engage the services of such physician, the company, if it desired to repudiate responsibility, should dissent and notify the physician that it would no longer be responsible for his pay. Sevier v. Railroad, 92 Ala. 258; Railroad v. Prince, 50 Ill. 26; Ebner v. Mackey, 186 Ill. 297; Railroad v. Stockwell, 118 Ind. 98; Gray v. Lumpkin, 159 S. W. (Tex.) 880; Omaha General Hospital v. Strethlow, 147 N. W. (Neb.) 846.

ALLEN, J.—This is an action by a physician and surgeon to recover for medical and surgical treatment rendered to an employee of defendant corporation who was injured while in defendant's service. The cause originated before a justice of the peace, and in due course found its way to the circuit court where, upon a trial before the court and a jury, there was a verdict and judgment for plaintiff, and the case is here upon defendant's appeal.

On July 2, 1908, plaintiff, a practicing physician and surgeon in the city of St. Louis, was called by telephone to defendant's place of business on Second street, to attend one Siemens, an employee of defend-

ant, who shortly previous thereto had been seriously injured in an elevator accident. It appears that defendant occupied one building on the east side of Third street, which extended east to an alley, and likewise another building east of the alley fronting on Second street, used as a warehouse. It was in the latter that Siemens was injured, on the fifth floor thereof; and other employees had placed him upon a cot on said floor.

It appears that plaintiff arrived at the Second street building within a few minutes after being summoned, saw the injured man, and, realizing that the patient was seriously injured and in great danger, at once telephoned for another physician, Doctor L. W. Reber, who arrived shortly thereafter. The evidence is that after examining the patient and consulting with plaintiff, Dr. Reber, at plaintiff's request, made inquiry as to who was to pay for the treatment, first inquiring of an employee in charge of a department of defendant's business, and then asking that a "member of the firm" be summoned; that in response to this request a Mr. F. A. Witte, secretary of defendant's company, and the officer of defendant corporation then in charge of its business, came to the fifth floor of the Second street building and Dr. Reber told him of the situation and that it would be necessary to take the injured employee to a hospital for treatment. There is a conflict in the testimony as to what Witte thereupon said to Dr. Reber. The latter testified that Witte said: "Go ahead; do the best you can with him; if you have to take him to the hospital, go ahead. Do the best you can." On the other hand Witte's testimony as to this is as follows: "I told him that we would have to leave it to him." The injured man was taken to a hospital and given treatment, and plaintiff continued to treat him until March 9, 1909.

There is in fact but one assignment of error before us, and that pertains to the ruling of the trial

court on defendant's demurrer to the evidence. It is true that appellant, as a separate assignment, says that the trial court should have sustained its motion for a new trial, on the ground that the verdict is "against the weight of the evidence," is "for the wrong party," and "should have been for defendant;" but this presents nothing for review in an appellate court.

Learned counsel for appellant urge that, for reasons assigned in appellant's brief before us, the evidence adduced was insufficient to take plaintiff's case to the jury, and that the trial court should have peremptorily directed a verdict for defendant. A careful review of the record, however, has convinced us that plaintiff made out a prima-facie case, and we shall endeavor to dispose of the crucial questions raised, in the course of the opinion.

I. It is true, as appellant asserts, that one does not ordinarily make himself liable to a physician by calling the latter to attend a third person who has been injured, or is otherwise in urgent need of such attention. That is to say that from a mere request alone to perform such services, in the absence of a legal duty to provide the same, the law does not, as in the ordinary case where services are requested, imply a promise on the part of the party making the request to pay the reasonable value of the services when rendered. The reason for this is obvious. The law recognizes that in the every-day affairs of life a physician is frequently summoned to attend a sufferer, who is perhaps unable to thus act for himself, by one who is impelled so to do by the precepts of humanity alone. This doctrine, which is altogether wholesome and sound, is firmly established in our jurisprudence. [See Meisenbach v. Cooperage Co., 45 Mo. App. 232; Jessenich v. Walruff, 51 Mo. App. 270; Weinsburg v. Cordage Co., 135 Mo. App. 553, 116 S. W. 461; Ghio v. Mer-

cantile Co., 180 Mo. App. 686, 163 S. W. 551; Morrell v. Lawrence, 203 Mo. 363, 101 S. W. 571.]

II. But plaintiff's case does not rest upon the theory that the law will imply a contract to pay for plaintiff's services from the fact alone that plaintiff was summoned or otherwise merely requested to attend the injured employee. It does not in fact appear who telephoned to plaintiff. The inference from the testimony relative to this is that he was thus summoned by some employee of defendant at the instance of a "floor manager" in defendant's service; but this is immaterial, as the case stands. As the cause originated before a justice of the peace there are no pleadings, but the right to recover against the defendant corporation, asserted by plaintiff, proceeds upon the theory that by reason of the conduct of defendant's secretary in his dealings with Dr. Reber who was acting, in part at least, for plaintiff, the defendant became liable to plaintiff as upon an actual contract to compensate plaintiff for his services, or perhaps upon a contract implied by law from all of the attendant circumstances. The case was tried below upon the theory that there was an actual, though not express, contract binding defendant.

But before passing to a consideration of other questions we should look to see whether the transaction in question, by virtue of which it is sought to hold the defendant corporation, was had with one clothed with authority to bind the corporation in the premises. Touching this matter, it may be noted that in his testimony Dr. Reber says that the above-mentioned conversation was had with "Fred Witte." The evidence reveals that there was a certain Fred Witte connected with the business who was not an officer or director of defendant corporation, and possessed of no authority to act for it. It is suggested that Dr. Reber's testimony does not show that he had any dealings with F.

A. Witte, but it is clear from an inspection of the record that it was F. A. Witte to whom this witness referred as being "Fred Witte." According to the testimony of Dr. Reber and one Staude, an employee of defendant, Dr. Reber first spoke to Staude concerning the necessity of taking the patient to the hospital, and upon finding that Staude had no authority, asked for a "member of the firm." The evidence is, and it is undisputed, that within a short time Staude returned with F. A. Witte. But one such conversation is mentioned in the evidence, and F. A. Witte testifies to a conversation had with Dr. Reber under precisely the same circumstances as those detailed by the latter; the only conflict in the testimony being as to what F. A. Witte said. The jury could not have understood Dr. Reber's testimony to mean anything other than as above indicated.

But the authority of F. A. Witte to bind the defendant corporation under such circumstances is denied. It is urged that he was vested with no such authority by virtue of his office as secretary of the corporation. This may be quite true without in anywise affecting plaintiff's case. The fact is that it is not contended that such authority inhered in Witte by reason alone of his office as secretary. The undisputed evidence is that F. A. Witte was at the time "the officer directly in charge" of defendant corporation, the president thereof being then in Europe. Who were the other officers does not appear; but the evidence is abundant to the effect that F. A. Witte had charge of and was managing the affairs of the company. One witness, an employee, says that F. A. Witte was vice-president at the time, but Witte's testimony is that he was then secretary, having become vice-president by the time of the trial below. The evidence, however, is all to the effect that he was in complete charge of defendant's business, at the time with which we are here concerned, and performing the duties ordinarily devolv-

ing upon the president or other chief officer of a corporation. And it cannot be doubted that this was sufficient to warrant the finding that he was vested with ample authority to bind the corporation in the present instance. [See Ghio v. Mercantile Co., supra; Newberry v. Granite & Construction Co., 180 Mo. App. 672, 163 S. W. 570; Freeman v. Baking Co., 126 Mo. App. 124, 103 S. W. 565.]

III. It remains to be determined then whether or not the acts and conduct of F. A. Witte, under the circumstances, as the representative of the defendant corporation and clothed with authority to act for it in the premises, are such as to create a binding obligation on defendant's part to pay plaintiff the reasonable value of his services. As to what passed between Witte and Dr. Reber, plaintiff, of course, is entitled to have that view taken of the evidence which is most favorable to him, in passing upon the demurrer. There is no dispute as to the fact that Dr. Reber in behalf of plaintiff caused Witte to be summoned for the purpose of apprising him of the situation, and particularly of the necessity of taking the patient to a hospital for treatment. And Dr. Reber's testimony is that Witte said: "Go ahead; do the best you can with him; if you have to take him to a hospital, go ahead. Do the best you can." We have no doubt that from this the jury may lawfully find the existence of an actual contract binding the corporation to pay for the hospital treatment rendered in reliance upon the conversation thus had.

Touching this question it may be said that learned counsel for appellant do not appear to contend that an express contract must appear, in the proper sense of that term. And such is undoubtedly not the law. Counsel do contend that there must be an actual contract, as distinguished from one implied by law. But in any event it is sufficient if the facts and circumstances

appearing are such that the existence of an actual contract may be lawfully inferred therefrom by the jury sitting in judgment upon the facts in controversy. That is to say if the jury find that the plaintiff rendered the services, in reliance upon the conversation in question, intending to charge the defendant therefor and that defendant's authorized representative intended at the time to bind defendant to compensate plaintiff for such services, all of the elements of an actual contract are established, and it matters not that the parties failed to expressly formulate the agreement by the use of appropriate words to that end.

It is familiar law that legitimate inferences may be thus utilized in proof of an actual contract, where the mutual understanding and intention of the parties can be thus fairly established; such a contract, resting in part at least upon inferences, being, however, quite different from a contract strictly implied by law. [See Ghio v. Mercantile Co., supra; Weinsburg v. Cordage Co., supra; Fitzpatrick v. Dooley, 112 Mo. App. l. c. 173, 86 S. W. 719; Hyde v. Honiter, 175 Mo. App. 583, 158 S. W. 83.]

In our judgment the conversation had between Dr. Reber and F. A. Witte, as detailed by the latter, when taken with the facts and circumstances under which it was had, is sufficient for the purposes aforesaid. There can be no doubt as to plaintiff's intention in the premises, for the purport of the conversation was reported to him and he appears to have acted upon it; and we think that it may be legitimately inferred that Witte intended, at the time, to bind defendant corporation to pay the reasonable value of plaintiff's services. Siemens was seriously injured in defendant's service, and Witte was summoned as one in authority and consulted as to taking the patient to the hospital to be there treated, which necessarily involved expense; and if he thereupon made the statement attributed to him by plaintiff's witnesses, as the jury were at liberty to find,

it is not an unnatural inference that he then intended
to bind defendant to make reasonable compensation
for the services rendered in such treatment, whatever
may have been his attitude, or that of defendant, to-
ward the matter after the rendition of the services.  It
was evidently upon this theory that the court below
overruled the demurrer, for an instruction given, after
being modified by the court, explicitly required the
jury to find that there was such present intention on
the part of defendant's said representative, and to find
as well as that he had authority to act for defendant in
such matters.  [See Weinsburg v. Cordage Co., supra;
Ghio v. Mercantile Co., supra; Morrell v. Lawrence,
supra.]

IV.  Whether or not to sustain a case of this char-
acter there must necessarily be found an actual con-
tract, whether express or to be to some extent inferred
from the facts and circumstances, is a matter which
we need not definitely pass upon.  The case was not
tried below upon the theory that a recovery could be
had upon an implied contract, growing out of a legal
duty to furnish medical attention, though this argument
is advanced here.  As to this we note that in Hunicke
v. Meramec Quarry Co., 262 Mo. 560, 172 S. W. 43,
our Supreme Court has recently held that where an
employee is so badly injured that he is rendered in-
capable of assisting himself, the law casts a duty upon
the employer to furnish medical aid, for a negligent
breach of which duty an action will lie; and the effect
of this decision is to be reckoned with, at least where
a physician is summoned for emergency treatment, in
a case falling within the rule announced.

Independent of the doctrine of the Hunicke case,
supra, it may be that under some circumstances the
law will imply a promise to pay, in a case of this char-
acter (see Morrell v. Lawrence, supra, l. c. 373, 374);
as where one, though not intending to pay, permits

special services of this nature to be rendered when he must know that payment is expected of him, and may be estopped to assert, as a defense, that there was no actual contract. [Wagner v. Illuminating Co., 141 Mo. App. l. c. 70, 121 S. W. 329.] This we need not here decide, since the ruling upon the demurrer is disposed of by what we have said above, and upon the theory upon which the case was tried below.

V. The point is made that the conversation above mentioned could in any event bind defendant only to pay the reasonable value of the first or emergency treatment, and that since plaintiff did not thereafter confer with the defendant during the course of treatment at the hospital he can at most recover only for such services as were reasonably necessary in the immediate emergency. But under the circumstances, we think that the contention cannot be here upheld. When the conversation was had the physicians had done all that they could for the injured man without removing him to a hospital for treatment. It was with reference to this particular matter that Witte was summoned in order to ascertain who would be responsible for the expense to be thereby incurred. And plaintiff's evidence is that Witte told the physicians to take the patient to a hospital if necessary, and to do the best they could for him. And in the absence of any limitation then or thereafter placed upon the authority thus apparently conferred upon plaintiff, the defendant, in our opinion, may be held liable for the services covered by plaintiff's account sued upon.

Other questions raised are not controlling and need not be discussed. The judgment is affirmed. *Reynolds, P. J.,* and *Nortoni, J.,* concur.