(97 South. 739)

## SMITH et al. v. GAINES et al.    (6 Div. 919.)

(Supreme Court of Alabama.    Oct. 18, 1923.)

**1. Covenants ⚖⇒107—Unnecessary for warrantee to notify warrantor of breach of covenants in a deed.**

It is unnecessary for a warrantee to notify a warrantor of the breach of any of his covenants of warranty in a deed conveying real estate before bringing suit for his damages.

**2. Covenants ⚖⇒88—Notice to warrantor of breach necessary if warrantee would make adverse judgment against him conclusive evidence of a hostile title.**

Warrantee must give warrantor notice of breach of covenants, with a demand that he appear and defend pending suit, if the warrantee would make an adverse judgment against himself conclusive evidence against the warrantor of a hostile title or incumbrance, and if he would recover of the warrantor any special damages incurred in the defense of that suit.

**3. Covenants ⚖⇒114(5)—Pleading ⚖⇒8(7)—Allegation that premises were lost by breach of warranty to the plaintiff sufficient on demurrer.**

An allegation that by a breach of covenants of warranty the premises were lost to the plaintiffs, and they were deprived of the use and possession, was sufficient against demurrer on grounds that it was a conclusion of the plaintiffs, and failed to set forth the manner in which the premises were lost.

**4. Pleading ⚖⇒192(6)—Demurrer on ground that plaintiffs did not defend an action without merit when complaint shows no such action.**

A demurrer in action for breach of warranty on ground that complaint failed to show that plaintiffs offered any defense to an action brought against him involving title, is without merit where the complaint does not show any action brought against plaintiff involving the title.

**5. Covenants ⚖⇒108(1)—Grantee's failure to defend does not defeat right of action against grantor.**

A grantee's failure to defend an action against him involving title would not affect his right of action against the grantor for breach of covenants of warranty.

**6. Covenants ⚖⇒121(3)—Judgment declaring that neither warrantor nor warrantee had any title showed a breach of covenants.**

A final judgment in action against warrantor and grantees in which due service was made on warrantor, declaring that neither had any title, was conclusive on the warrantor that there had been a breach of covenants; the

grantees having made proof that they had not, since the execution of the deed to them by the warrantor, made any conveyance of the land to any one.

**7. Covenants ⟨⟩88—Where the warrantor is made a party to a suit with the grantee, grantee not required to notify warrantor.**

Where the warrantor is made a party to a suit to quiet title jointly with his grantee, grantee is not required to notify him of the pendency of the suit and request him to defend; the relation of the parties imposing the duty of defending the title against the adverse claimant.

**8. Judgment ⟨⟩491 — A judgment cannot be impeached in a collateral proceeding on the ground that the sheriff's return of service is false.**

An action against a warrantor for breach of covenants of warranty being a collateral proceeding, a judgment in action against plaintiffs and the warrantor cannot be impeached by testimony of the warrantor that the sheriff's return showing service on him is false.

**9. Evidence ⟨⟩265(5)—Proof of admission of warrantor that he had no title imposed on him burden of neutralizing its effect.**

A statement of warrantor to plaintiff that he knew when writing the deed that it was not worth the paper it was written on being an admission that he had no title, proof thereof imposed on him the burden of neutralizing its effect, if the jury believed he made the statement and that it was true.

**10. Husband and wife ⟨⟩81—Plea that wife executed deed to release dower a good defense in action for breach of warranty.**

A plea of warrantor's wife, that she executed the deed to the plaintiffs for the release of her dower, and not as owner, was a good defense in an action against her for breach of warranty.

**11. Husband and wife ⟨⟩232(1)—Burden of proving that wife executed deed to release dower is on her.**

Where a warrantor's wife alleged that she executed the deed to release her dower, and not as owner, the burden of proving her plea was on her.

**12. Trial ⟨⟩234(3)—An instruction to find for party should be given with hypothesis as to belief of evidence.**

Where the wife of a warrantor offered proof that she executed the deed to release her dower, and not as owner, an instruction to find for her on that plea should be given, with the usual hypothesis that the jury believe the evidence.

Appeal from Circuit Court, Jefferson County; J. B. Aird, Judge.

Action by J. D. Smith and B. W. Riall against S. J. Gaines and D. V. Gaines. Judgment for defendants, and plaintiffs appeal. Reversed and remanded.

This is an action by the appellants, Smith and Riall, for breach of covenants of war-ranty in a deed executed to them by the appellees, S. J. Gaines and D. V. Gaines, his wife. The first count sets out the deed in full, and declares on a breach of the covenant of seizin in fee simple. The second count declares on a breach of the covenant that the premises conveyed were free from all incumbrances. The third count declares on a breach of the covenant of good right to sell and convey. The fourth count declares on a breach of the general covenant to warrant and defend the premises against the claims of all persons. Each count alleges that, as a proximate consequence of the breach averred, the premises conveyed "were lost to plaintiffs, and plaintiffs were deprived of the use and possession thereof, and lost a large sum, viz. $2,750, paid by plaintiffs to defendant, S. J. Gaines, as the purchase price of said premises." A demurrer was interposed to each count severally on the grounds:

"(1) That said complaint fails to allege that said premises were 'lost to the plaintiffs 'and plaintiffs were deprived of the use and possession thereof in any manner other than as a conclusion of the plaintiffs.

"(2) That said complaint fails to allege or set forth the manner and form in which said premises were lost to the plaintiffs by which plaintiffs suffered said alleged loss.

"(3) That said complaint fails to allege or set forth that the plaintiffs gave notice to the defendants of the assertion of any hostile or adverse claims against said lands prior to the alleged loss thereof by the plaintiffs.

"(4) That said complaint fails to allege or show that the defendants were notified by the plaintiffs to defend any suit brought against the plaintiffs assuming the title to said lands alleged to have been warranted to the plaintiffs.

"(5) That said complaint fails to allege or show that any notice of any kind was given to the defendants by the plaintiffs as to any alleged incumbrances upon said lands as alleged in said complaint.

"(6) That said complaint fails to allege or show that the plaintiffs offered any defense to any action brought involving the title to said lands, and for aught that appears the plaintiffs may have suffered a default for any such action brought."

The court sustained the demurrer generally as to counts 2 and 4, and overruled it as to counts 1 and 3.

Besides the general issue, defendants pleaded (3) that plaintiffs ought not to recover because their alleged damage was the result of their own negligence in failing to defend a certain action brought against them by the Louisville & Nashville Railroad Company in the circuit court of Jefferson county, in equity, wherein they allowed a final decree to be entered against them divesting out of them the interests conveyed to them by defendants' said deed; and (4) that the real consideration for the deed was not, in fact,

$2.750, as recited, but a lot in the city of Tuscaloosa of the agreed value of $200.

Mrs. D. W. Gaines pleaded specially that she joined in the execution of the deed for the release of dower only, and received no consideration therefor.

On the evidence adduced, the trial judge directed the jury to find a verdict for the defendants, and there were verdict and judgment accordingly.

Harsh, Harsh & Harsh, of Birmingham, for appellants.

It is not necessary in an action for breach of a covenant against incumbrances, or of warranty of title to set out the incumbrance, or the paramount title with particularity. 15 C. J. 1306; Prestwood v. McGowin, 128 Ala. 267, 29 South. 386, 86 Am. St. Rep. 136; Copeland v. McAdory, 100 Ala. 556, 13 South. 545. Where there is a scintilla of evidence from which an inference adverse to the theory on which the affirmative instruction is asked can be drawn, same should be refused. Crandall-Pettee v. Jebeles Colias, 195 Ala. 152, 69 South. 964; Culver v. Ala. So. R. Co., 108 Ala. 30, 18 South. 827; L. & N. v. Hutcherson, 174 Ala. 609, 57 South. 379; A. G. S. v. Robinson, 183 Ala. 265, 62 South. 814; Copeland v. McAdory, 100 Ala. 553, 13 South. 545. Defendant S. J. Gaines was a party to the suit in the chancery court, and in view thereof there was no need of notice to him. 15 Corp. Jur. 1256; Rice v. Cook, 141 Mo. App. 1, 120 S. W. 1191; Cover v. McAden, 183 N. C. 641, 112 S. E. 817; Richstein v. Welch, 197 Mass. 224, 83 N. E. 417. The direction of a verdict in favor of defendant D. V. Gaines was improper. Shipp v. Shelton, 193 Ala. 658, 69 South. 102. A judgment of a court of general jurisdiction cannot be attacked collaterally on parol testimony. L. & N. v. Tally, 203 Ala. 370, 83 South. 114; Dunklin v. Wilson, 64 Ala. 162.

Vassar L. Allen, of Birmingham, for appellees.

No brief reached the Reporter.

SOMERVILLE, J. [1] So far as the right of action is concerned, it is never necessary for the plaintiff to have notified his warrantor of the breach of any of his covenants of warranty in a deed conveying real estate before bringing his suit for damages.

[2] Such a notice to the warrantor, with a demand that he appear and defend a pending suit, is necessary if the warrantee would make an adverse judgment against himself in that suit conclusive evidence against his warrantor of the existence and superiority of the hostile title or incumbrance therein asserted, and necessary, also, if the plaintiff would recover of the warrantor any special damages incurred in the defense of that suit. Chestnut v. Tyson, 105 Ala. 162, 16 South. 723, 53 Am. St. Rep. 101; Graham v. Tankersley, 15 Ala. 634, 644; 15 Corp. Jur. 1265,

§ 97. Those grounds of demurrer, based on the theory that the complaint should contain an allegation of such notice, were not well taken.

[3-5] The allegation of each count that the premises were, by reason of the breach complained of, lost to plaintiffs, and that plaintiffs were deprived of their use and possession, was clearly sufficient as against the first and second grounds of demurrer. The sixth ground of demurrer is also without merit, since the complaint does not show that any action was brought against plaintiff involving the title, and, if it did, the failure to defend it would not affect his right of action. It follows that the demurrer was erroneously sustained, on whatever ground.

On the theory that there was no evidence tending to show any outstanding superior title or incumbrance, constituting a breach of any of the covenants declared on, the trial judge directed the jury to find for the defendants.

[6] Plaintiffs had introduced in evidence a final judgment rendered by the circuit court, in equity, of Jefferson county, in favor of the Louisville & Nashville Railroad Company and against Smith and Riall, plaintiffs herein, and S. J. Gaines, defendant herein, all of them being co-respondents in said equity suit in which it was declared that none of said respondents had any right, title, or interest in or incumbrance upon the property in question. As to this decree, the records offered showed decrees pro confesso against each of the respondents, and also due service of the summons on S. J. Gaines by the sheriff of Jefferson county. This judgment, we are bound to hold, was conclusive on the defendant S. J. Gaines as to the existence of a superior outstanding title in the complainant railroad company, and showed a breach of several of the covenants sued on, plaintiffs having made proof that they had not, since the execution of the deed to them by defendants, made any conveyance of the land whatever to any one. Chestnut v. Tyson, 105 Ala. 149, 162, 16 South. 723, 53 Am. St. Rep. 101; 8 Am. & Eng. Ency. Law, 207.

[7] Where the warrantor is made a party to a suit to quiet title to land he has conveyed to another, jointly with his grantee, there is no necessity, and indeed there can be no possible reason, for requiring such grantee to notify his warrantor of the pendency of the suit, and to request him to defend. In such a case the relation of the co-respondents, and the express undertaking of the warrantor, imposes upon him the duty of defending the title against the adverse claimant. Rice v. Cook, 141 Mo. App. 1, 120 S. W. 1191; Cover v. McAden, 183 N. C. 641, 112 S. E. 817.

[8] The trial court erred in permitting the defendant S. J. Gaines to testify that the summons in the case referred to was not in

fact served on him. In a collateral proceeding like this, a judgment cannot be impeached by the testimony of a defendant that the sheriff's return showing service on him is false. Dunkin v. Wilson, 64 Ala. 162.

[9] But, apart from the effect of that judgment, there was other evidence tending to show that the defendant S. J. Gaines had no title to the land conveyed; for Riall testified that Gaines said to him, when informed of the suit by the railroad company, "I knew at the time I was writing that deed that it wasn't worth the paper it was written on." This was in effect an admission by Gaines that he had no title to the land conveyed; and, if the jury believed he made the statement, and that the statement was true, it was enough at least to impose upon him the burden of neutralizing its effect. For the reasons stated, the trial judge erred in directing a verdict for defendants, and the judgment will be reversed and the cause remanded for another trial.

[10-12] Of course, Mrs. Gaines' special plea setting up the fact that she executed the deed merely for the release of her dower, and not as an owner, presented a good defense for her. But the burden of proving the plea was upon her, and, although she offered such proof, an instruction to find for her on that plea should be given only with the usual hypothesis that the jury believe the evidence.

Reversed and remanded.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.