## CARTER v. HINKLE.

1. The orphans' court has no power to authorize an executor to sell the dead victuals and liquors, laid in by the deceased for consumption in the family, and left at his death, or the property exempt by law from sale; and the widow may, notwithstanding such order, maintain trespass against the executor. The removal of a part of the children from the family, will not prevent the widow from recovering her share of the dead victuals.

Error to the Circuit Court of Lowndes. Before the Hon. E. Pickens.

TROVER by plaintiff in error, against the defendant in error, to recover various articles of property, named in the statute of this state, as exempt from sale, by an administrator of intestate's estate, or executors, and reserved for the use of the family. The defendant pleaded—1. Not guilty. 2. That the subject matter of this suit had been adjudicated, in the orphans' court of Lowndes. The plaintiff took issue on the first plea, and demurred to the second.

From a bill of exceptions it appears, that the plaintiff is the widow of one Stith M. Carter, who, before the commencement of this suit, departed this life, having by will appointed the defendant his executor. That at the time of said Carter's death, he left four children by a former marriage, the plaintiff, his widow, having been delivered of a posthumous child, with which she was *enciente* at the time of his decease. That shortly after the testator's death, and before the birth of the posthumous issue, the four children left the late residence of testator, where his said widow continued to reside, and went to live with a person who had been appointed their guardian. That the widow alone, of all the white family, continued to reside at the late residence of her husband. The plaintiff, as widow, being possessed of the dead victuals left at the time of testator's death, and the property exempt by law from sale, the defendant, after the removal of the four children, was proceeding to take possession of said property, for the purpose of making a division of it between the children and the plaintiff, when, to prevent this, the plaintiff petitioned the orphans' court of Lowndes, to restrain the said defendant, as executor, from interfering with it, and to cause it to be set apart for the use of the family, as exempt from sale. Thereupon, the executor being cited, appeared before the court, and an order was passed by the judge of the orphans' court, restraining the defendant from selling the dead victuals, and liquors, laid in for consumption by testator, and left at his death, and ordering the said executor to divide the same among the children and the plaintiff. As to the property exempt from execution, and which is required to be reserved from sale for the use of the family, the court

was of opinion, that as the children had left the widow, this property should be sold at public auction by the executor, for the purpose of making a division and apportionment of it. The executor was required to hold the proceeds, and to make a separate return of the sales to the court, and that after the birth of the child, with which the said plaintiff was *enciente*, he should divide the funds among the widow and all the children of the testator, share and share alike.   The defendant, as executor, proceeded to divide the provisions on hand at the testator's death, and sold the property exempt from execution, in obedience to the said order of the orphans' court.

Upon this evidence, the circuit court charged the jury, that the plaintiff could not recover in this action, and refused to charge them as requested by the plaintiff's counsel, that the proceedings in the orphans' court was no bar to her recovery, but, on the contrary charged, that the proceedings above shown in the said orphans' court, was a bar to the action.   The counsel for the plaintiff excepted to the charges given by the circuit court, as well as to the charge refused, and assigns the same in this court for error.

WATTS, for plaintiff in error.

1. The wife was the head of the family, after the death of the husband, and was the guardian by nature of the children, and therefore had a right to sue.  See Capel's Heirs v. McMillan, 8 Por. 197.

2. The wife is a part of the family, and if the husband had died leaving no children, still the wife would have been entitled to the property sued for.  See statute, Clay's Dig. 196, § 20, 21.

3. The orphans' court had no authority to command the administrator to do an illegal act, and if he acted under it, he did so at his peril.

4. The orphans' court had no jurisdiction of the matter it attempted to adjudicate, and if it appeared that the plaintiff consented thereto, that consent would not give jurisdiction. See Wyatt, et al. v. Judge, 7 Por. 37:  But it does not appear that she consented to such jurisdiction.

5. The orphans' court had no authority to restrain the administrator from selling, &c., as petitioned for by the plaintiff in this suit. But the court did not act in accordance with the petition.

6. The voluntary act of the children in leaving the residence of the mother, could not deprive her of the benefit of the statute. There was still the infant child, left with her, which was born *after* the death of the husband. The fact that the child was born after the death of the husband, could not alter the rights of the wife. See Watson v. Simpson, 5 Ala. 233.

JUDGE, for the defendant.

1. The family, and not the widow alone, is entitled to the dead victuals and liquors on hand, at the time of the death of the testator or intestate; also, to such property as is by law exempt from execution. And if any child leaves the family before the final consumption thereof, such child has the right to carry away an equal portion of the same. Clay's Dig. 196, § 20, 21.

2. The children that left the family of the deceased Carter, were by a former marriage—the widow was not bound to support them—it was right that they should go to reside with the regular guardian, and they had the right to take with them their portion of the dead victuals, &c. Plaintiff in error, therefore, suffered no wrong or injury in the act of the executor, (defendant in error,) in dividing the dead victuals, &c. pursuant to law, although the executor may not have had the right strictly so to do.

3. But the orphans' court properly entertained jurisdiction of the matter, and exercised it at the instance of plaintiff, she having instituted the proceedings in said court; if otherwise however, she can have no right of action, she having received the full proportion to which she was entitled by law of the dead victuals, &c. She could have recovered no more if she had had a right of action. Clay's Dig. 196, § 20.

CHILTON, J.—By the act of 1826, (Dig. 196, § 20,) it is provided, that "the dead victuals, and liquors which, at the

Carter v. Hinkle.

death of any testator, or intestate, shall have been laid in for consumption in his family, shall not be sold by the executor, or administrator, but shall remain for the use of said family, without any account thereof being made. If, however, before their final consumption, any child shall leave the family, such child shall have a right to carry with him, or her, an equal share of what shall then be on hand." It was further enacted, by a statute of the succeeding year, (Dig. 196, § 21,) " that all such property as now is, or hereafter may be exempt from execution, is hereby exempt from sale by an executor; or administrator, and the family shall be suffered to retain the same."

The object of the legislature, in the enactment of the above statutes, doubtless was, to provide the family of the deceased with the present means of subsistence, and comfort, by allowing them to retain, free from account on the part of the executor, or administrator, such articles as were indispensable for their maintenance and convenience. The executor being, by the express terms of the statute, prohibited from selling, as well as relieved from accounting for such property; and the statute conferring no authority upon the orphans' court to order a sale in any event, it follows as a necessary consequence, that the proceedings in the orphans' court were *coram non judice*, and void, and that the executor derived no power over the property, by virtue of the order requiring him to sell it.

The powers of the orphans' court over the estates of deceased persons, are limited. It can only act in cases where legislative grant confers jurisdiction. Leavens v. Butler and wife, 8 Porter, 381. The decrees of that court, beyond the warrant conferred by statute, are nugatory, and *a fortiori* is the decree void, when it commands the executor to perform what the statute expressly prohibits him from doing. But it is insisted, as the widow instituted the proceedings, she should not complain, that the court entertained jurisdiction. Were this position correct, it would not sustain the decree. The petition was, to restrain the executor from doing what the court in effect orders him to do. But it is held by this court in the case of Wyatt, et al. v. Judge, et al. 7 Porter's

Rep. 37, that a want of jurisdiction of the subject matter, is not aided by plea to the merits, and is available in the appellate court; and that the consent of parties, whether express, or implied, cannot confer jurisdiction—such is the general rule.

It is further contended, by the counsel for defendant, that the *family*, and not the widow, is entitled to the property sued for.    It is true, should the children, after the death of the father, leave the family, the statute provides they shall have a right to carry with them an equal share of the property reserved by the act of 1826, but this provision does not extend to the property exempted from sale by the act of 1827.  The widow, upon the death of her husband, becomes the head, and representative of the family. Heirs of Capal v. McMillan, adm'r, 8 Por. Rep. 197.   And consequently entitled to sue for property, which she has in possession, and is allowed to retain for the use of the family.   Nor is this capacity to sue taken away by the removal of the children.   We should do manifest violence to the intention of the legislature to hold, that the removal of the children should entitle the executor to seize and sell from the widow, such articles as the law esteems indispensable to her subsistence and comfort.   Our conclusion is, that the executor should be considered as having acted without authority, and that the plaintiff, upon the facts stated in the bill of exceptions, is entitled to recover the value of her share in the dead victuals, &c., secured by the act of 1826, and the entire value of the other property, not included in the above recited act.   The judgment of the circuit court is therefore reversed, and the cause remanded, that the court below may proceed to try the same according to the conclusions above ascertained.