# Hause *v.* Hause *et al.*

*Bill in Equity to Enjoin Proceedings for Dower in the· Probate Court, and to Reform a Deed.*

1. *Concurrent jurisdiction at law and in equity; when equity court can not interfere.*—Courts of equity have concurrent jurisdiction with courts of law in the assignment of dower, which is not impaired by the statutes conferring such jurisdiction on probate courts; and while a court of equity, when it acquires jurisdiction, will retain the cause and finally adjust the controversy, though in some respects there is an adequate remedy at law, yet when the jurisdiction at law and in equity is concurrent, and the court of·

[Hause v. Hause et al.]

law first obtains jurisdiction, without the intervention of some special cause rendering the jurisdiction at law inadequate, a court of equity can not interfere.

2. *Same; when equity court will not interfere with proceedings for dower in Probate Court.*—Where a petition was filed in the Probate Court for the assignment of dower, and all the relief the Chancery Court could have afforded being obtainable in the proceedings pending in the Probate Court at the time of the filing of the bill in chancery, the Chancery Court can not, while such petition is pending in the Probate Court, interfere with the jurisdiction of such court, there being no intervening cause rendering jurisdiction of such court inadequate.

3. *Same.*—Where the primary object sought by the bill would alone have authorized the interference of the court of equity with the proceedings pending in the Probate Court, and upon the hearing of the bill such primary object failed, and there being adequate remedy at law for what was left after the failure of such primary object, a court of equity has no further ground of jurisdiction and will not interfere with the Probate Court.

4. *Error without injury.*—The error of the decree held not available to the appellees in this case, it being, under the circumstances, of no injury to them.

5. *Advancement to wife by deed to husband; when does not create a trust for the wife.*—Where the principal consideration moving the execution of a deed was an advancement to the daughter of the grantor, the wife of the grantee, and coupled with such consideration was a payment by the grantee in money, for the value of land exceeding the amount of the advancement the grantor proposed making, the mode of making such advancement was not unusual, and is held as a conveyance to the husband, not in trust or for the use of the wife, or subject to any equity not expressed, and there is no ground on which a court of equity can amend it, or correct it, in a different instrument.

APPEAL from the Chancery Court of Henry.

Heard before the Hon. B. B. McCRAW.

One George W. Hause was the husband of M. A. Hause, and while such received from one D. H. Hause, the father of said M. A. Hause, a deed of conveyance to the real estate described in the original bill as the subject matter of this suit. In the summer of 1873, said M. A. Hause died, leaving the complainants (appellees) as her only children; and in December following, said G. W. Hause married the appellant, and died within a few weeks thereafter. One C. S. Thomas, became the executor of said G. W. Hause, and filed an application in the Probate Court to have dower assigned to appellant. Appellees filed their bill praying an injunction of the proceedings in the Probate Court, and for a reformation of said deed from Thomas to Hause, so as to make him a trustee for the use of said M. A. Hause and her heirs, and to divest the estate of Hause and all who may hold under him of all title to the realty, and vest the same in complainants as heirs of said M. A. Hause. The deed was absolute upon its face, but the proof goes to show that it was intended as an advancement to his daughter, it being

[Hause v. Hause et al.]

understood and agreed by all the parties that it was for the benefit of Mrs. M. A. Hause. The bill does not ask the assignment of dower by decree in chancery. The appellant filed her answer and cross-bill, asking a removal of the proceedings from the Probate Court into chancery. A demurrer thereto was sustained by the chancellor, who decreed that the appellant was entitled to dower in the land in controversy, and that the complainants were entitled to relief, subject to appellant's right of dower. The chancellor, however, dissolved the injunction, leaving the case with the Probate Court, and dismissed appellant's cross-bill. The appellant now assigns as error, the sustaining of the demurrer to her cross-bill and answer and dismissing the same. The appellee assigns as cross-errors, the following:

1. Decreeing the appellant entitled to dower in the lands in controversy. 2. In not granting and decreeing appellees entitled to the relief prayed in the original bill.

GOODE & TORREY, for appellants.—1. Equity courts have concurrent jurisdiction of dower with courts of law.—*Owen v. Slatter*, 26 Ala. 547; 1 Story Eq. Juris. 624.

2. When there is an adequate remedy at law, it most generally, it is true, destroys the equity of a bill and deprives chancery of jurisdiction.—*Davis v. Sheppard*, 40 Ala. 41; *Andrews v. Huckabee*, 30 Ala. 143; *Moore v. Lesene*, 37 Ala. 237. But where equity once has jurisdiction, that jurisdiction will not be impaired by statutes conferring upon other judicial tribunals like right and jurisdiction.—*Waldron, Isley & Co. v. Simmons*, 28 Ala. 629; *Dement v. Boggiss*, 13 Ala. 140; *Tindall v. Childress*, 2 Stew. & P. 250.

3. The jurisdiction of equity having once obtained by the filing of the bill, although there was a complete and adequate remedy at law, the court should not have remitted the parties to a court of law, but should have settled the litigation and have done complete justice.—*Stone v. Bozeman*, 29 Ala. 397; *Scruggs v. Driver*, 31 Ala. 274. And although it is a correct proposition that where the jurisdictions are concurrent, if a law court obtains jurisdiction first, equity will not afterwards assume jurisdiction, yet this may be waived and the complainant can not insist upon it as a defense to a cross-bill, the defendant having submitted to the jurisdiction of chancery.—See *Nelson & Hatch v. Dunn*, 15 Ala. 501; *Brooks v. Woods*, 40 Ala. 538; 1 Brick. Dig. p. 617, § 68 *et seq.*

[Hause v. Hause et al.]

W. C. OATES and JAMES WYATT OATES, *contra.*—1. Courts of equity and of probate have concurrent jurisdiction of the allotments of dower.—*Owen v. Slatter,* 26 Ala. 547. But when two tribunals have concurrent jurisdiction of the same subject matter, the one having first acquired it will maintain it to the exclusion of the other.—*Hive & Hobbs v. Rawson,* 2 Am. Reps. 581; 2 Wheaton, 532; 20 How. 583; 10 *ib.* 56; 14 *ib.* 368; 23 *ib.* 90; 3 Wallace, 334.

2. It is perfectly competent for chancery to take juris-diction of special equities when they arise on the facts, and the better practice seems to be to remand the case to the forum first obtaining jurisdiction when the equities are settled. To say the most, it was not obligatory upon chancery to take jurisdiction for all purposes, but it leaves to that court a kind of discretion of such character that the Supreme Court will not revise the action.

3. The case of *Nelson & Hatch v. Dunn et als.* 15 Ala. 510, is cited by the attorneys for appellant to show that appellees can not be heard to object to a reversal of that portion of the decree dismissing the cross-bill, because they took the cause into equity. The court says in that case: "When two courts have concurrent jurisdiction over the same thing, the one which is first possessed of the cause has a right to proceed with it, and cannot be prohibited and restrained by any other.—9 Wheat. Rep. 532; 5 Hump. Rep. 50; P. in Chan. 547."

BRICKELL, C. J.—1. The only error assigned by appellant, is the dismissal of the cross-bill. It is not deniable that courts of equity have concurrent jurisdiction with courts of law in the assignment of dower; which is not impaired by the statutes conferring jurisdiction in courts of probate. *Owen v. Slatter,* 25 Ala. 547; *Brooks v. Woods,* 40 Ala. 538. It is also undeniable that when a court of equity acquires jurisdiction it will retain the cause and finally adjust the controversy, though in some respects there is an adequate remedy at law.—1 Story's Eq. § 71. It is equally true, that when the jurisdiction at law, and in equity, is concurrent, and the court of law first obtains jurisdiction, without the intervention of some special cause, rendering the jurisdic-tion at law inadequate, a court of equity can not interfere. 1 Brick. Dig. 639, § 7.

2. The petition filed in the court of probate by the ex-ecutor for the assignment of dower to the appellant, conferred on that court full jurisdiction to assign the appellant's dower.

[*Hause* v. *Hause et al.*]

The jurisdiction was in full exercise when the original bill was filed. The purpose of that bill was to arrest the pro-ceeding in the court of probate, on the ground that the husband held the legal estate in the particular lands mentioned, in trust, not having any beneficial interest, and consequently, the appellant was not dowable. The court sustained the appellant's claim to dower, as paramount to the supposed trust, dissolved the injunction which had been temporarily granted against the proceeding in the court of probate, and remitted the appellant to that court, declining on her cross-bill to decree an assignment of dower. So far as the appellant has any right involved, this decree is not erroneous. There was no ground on which the court of chancery could have interferred with the jurisdiction of the court of probate—no intervening cause, rendering the jurisdiction of the latter court inadequate. All the relief the court of chancery could have afforded, was obtainable in the proceedings pending in the court of probate.

3. The primary object of the original bill, that alone, which would have authorized the interference of the court with the proceedings of the court of probate, and in which the appellant had an interest, was not sustained. The jurisdiction of a court of equity to grant relief when there is adequate remedy at law, because it has jurisdiction for one purpose, and will therefore do complete justice, can not be converted into a primary ground of jurisdiction. It is con-sequential only, and when the principal ground of jurisdiction fails, there is nothing on which to rest the further jurisdiction of the court.—*Pond v. Lockwood*, 8 Ala. 669. We are of the opinion the chancellor correctly dismissed the cross-bill. If it had been entertained, the result in this case would have been, that the petition for dower in the court of probate, embracing other lands besides those in controversy in this suit, would, without any sufficient reason,. have been split into two parts—the one pending in equity, and the other in the court of probate.

4–5. The appellees assign for error, the decree of the chancellor, declaring the appellant entitled to dower. The error of the decree, not available to the appellees, because not injurious to them, is, that the court did not dismiss absolutely the original bill. It seems to us devoid of equity. It is not averred that any mistake was committed in the writing of the deed, or, that it does not truly speak the intention of the grantor, and the grantee. The principal consideration moving to its execution, was doubtless an advancement to the daughter·

of the grantor, the wife of the grantee. Coupled with this consideration was the payment by the grantee in money, of the amount the value of the land exceeded, the advancement, the grantor proposed making. The mode of making the advancement, the parties intelligently selected, without fraud,. or undue influence, was a conveyance to the husband—not in trust, or for the use of the wife, or subject to any equity not expressed. It was certainly competent for the grantor to adopt that mode of advancing to the wife, and heretofore, it was not unusual. It may have been deemed preferable to a conveyance to the wife, or to the husband for her, which would have embarrassed the alienation of the estate. Whatever may have been the reasons for its execution, the deed in all its parts is the instrument in form and legal effect the parties intended, and there is no ground on which a court can annul it, or convert it into another and different instrument. The death of the wife, the subsequent marriage and death of the husband, may have introduced as a beneficiary a stranger to the affections of the grantor, but that is a legal incident of the estate, he voluntarily and intelligently created.

There is no error in the decree, of which the appellees can complain. The decree must be affirmed. The appellant and the sureties on her appeal bond must pay one-half of the costs of the appeal, and the next friend of the appellees the remaining half.