[Bromberg v. Eugenotto Construction Co., et al.]

# Bromberg *v.* Eugenotto Construction Co., *et al.*

*Mandatory Injunction for Performance of Contract.*

(Decided Dec. 17, 1908. 48 South. 60.)

1. *Specific Performance; Character of Contract.*—Equity will not enforce the specific performance of a contract, having such terms and provisions that the court could not carry into effect its decree without some personal supervision and oversight over the work to be done, extending over a considerable period of time.

2. *Equity; Jurisdiction; How Determined.*—Whether or not equity had jurisdiction to entertain a bill will be determined from the facts stated therein and not from the prayer for relief.

3. *Injunction; Grounds of Relief; Futility.*—An injunction will not be granted to restrain the violation of a contract, when the violation was complete at the time the suit was brought, since the injunction would be futile.

4. *Injunction; Mandatory Injunction; Discretion.*—A mandatory injunction will not lie to enforce a contract where its enforcement would necessitate the exercise of skill and discretion, it not being feasible for the court to supervise the work.

5. *Specific Performance; Relief; Compensation in Lieu of Specific Performance.*—Where the contract is of such a character that equity cannot or will not specifically enforce it, it will not award damages for its breach; the complainant's legal remedy being adequate and no special equities existing which require such incidental relief.

APPEAL from Birmingham City Court.

Heard before Hon. C. C. NESMITH.

Bill by F. W. Bromberg against the Eugenotto Construction Company and others. From a decree dismissing the bill, complainant appeals. Affirmed.

TILLMAN, GRUBB, BRADLEY & MORROW, for appellant. The bill is not a bill to strictly specifically perform the lease but injunctive to prevent the destruction of contractual obligations.—*Hendricks v. Hughes,* 117 Ala. 591. It was not prematurely filed.—*Backes v. Curran,* 74 N. Y. S. 723; 5 Pom. Eq. Jur. 516; Pom. on Specific

[Bromberg v. Eugenotto Construction Co., et al.]

Perf. 124; Waterman's Specific Perf. Secs. 109, 110 and 112; *Hessler v. Schafer,* 46 N. Y. S. 1076; *Brand v. Horace,* 31 N. E. 633. On these same authorities, the court erred in decreeing the bill subject to the demurrers and dismissing the bill.

CAMPBELL & JOHNSON, for appellees. The bill was prematurely filed.—*Bell v. Thompson,* 34 Ala. 633; *Thompson v. Gordon,* 72 Ala. 455; *Friedman v. McAdory,* 85 Ala. 61; *Armour v. Connelly,* 49 Atl. 1117. The performance of a contract to erect a certain kind of building will not be specifically enforced by courts of equity. —*Madison Athletic Assn. v. Brittin,* 46 At. 652; *Armour v. Conelly, supra; Wharton v. Stontenburg,* 35 N. J. E. 277; *Kendall v. Fray,* 17 Am. St. Rep. 118; *Beck v. Allison,* 56 N. Y. 366; *Texas Ry. Co. v. Marshall,* 136 U. S. 393; *Bridgeport Co. v. Am. F. P. Co.,* 94 Ala. 592; *Iron Age Pub. Co. v. W. U. Tel. Co.,* 83 Ala. 508; 26 A. & E. Ency of Law, 93. The bill not being capable of being maintained for specific performances will not be retained for the purpose of awarding damages for the breach. *Sims v. McEwin,* 27 Ala. 184; *Harrison v. Deramus,* 33 Ala. 463.

DOWDELL, J.—The appeal in this case is taken from a decree on the demurrer to the bill. The bill is to enforce the specific performance of a contract, and in the alternative, as it is urged in argument, to enjoin the violation of a contract. The contract is for the lease of a storeroom in a proposed building, and by the terms of said lease contract the lessee was to have a certain amount of floor space, of a part of which he complains in his bill he is being deprived of by the respondent, lessor, in the manner of construction of the said building. The question is whether a court of equity will entertain a bill for the enforcement of this contract.

[Bromberg v. Eugenotto Construction Co., et al.]

In *Madison Athletic Association v. Brittin*, 60 N. J. Eq. 160, 46 Atl. 652, in speaking of the specific perform- ance of building contracts, it was said by the New Jer- sey court: "The doctrine of the latter class is that the court will not ordinarily enforce specific performance of building contracts, not only on the ground that dama- ges at law are generally an adequate remedy, but also on the ground of the inability of the court to see that the work is carried out." In *Wharton v. Stoutenburgh*, 35 N. J. Eq. 266, it was said: "There is a class of spe- cial and exceptional contracts in which courts of equity refuse to exercise jurisdiction by way of specific per- formance. These are contracts having such terms and provisions that the court could not carry into effect its decree without some personal supervision and oversight over the work to be done, extending over a considerable period of time, such as agreements to repair or build, to construct works, to build or carry on railways, mines, and the like." In *Kendall v. Fray*, 74 Wis. 26, 42 N. W. 466, 17 Am. St. Rep. 118, which was a suit to compel specific performance of a contract to erect a building on a certain lot, the court, adopting the rule above an- nounced, denied relief. In *Beck v. Allison*, 56 N. Y. 366, 15 Am. Rep. 430, where the suit was for the specific performance of a contract in a lease on the part of the lessor to repair damages by fire, among other things, it was said by the court: "The idea that the court can appoint a receiver to take possession of the property and cause the work to be done with money furnished by the defendant would be, in the language of Lord Worthington, absurd." The relief sought was denied. In a case of our own (*Bridgeport Co. v. American Fire Proof Co.*, 94 Ala. 592, 10 South. 704) it was said: "We are of opinion that a bill for specific performance would not lie under the facts as they appear in the present case.

The consideration offered is 'the erecting and operating of a car factory,' etc. To carry out this agreement requires the exercise of labor and special skill, judgment, and discretion; * * * and, furthermore, a court of chancery will not undertake to enforce a specific performance, where it involves the exercise of special skill, judgment, and discretion"—citing *Iron Age publishing Co. v. W. U. Tel. Co.*, 83 Ala. 498, 3 South. 449, 3 Am. St. Rep. 758, and *Clark's Case*, 1 Blackf. (Ind.) 122, 12 Am. Dec. 214.

It seems, both on reason and authority, that where the erection of the building requires the exercise of skill, judgment, and discretion a court of equity will not assume jurisdiction for the enforcement of specific performance of a contract in such a case. There can be no doubt that the erection of the building, such as is referred to in the contract in this case, would require the exercise of "special skill, judgment, and discretion," and would extend over a considerable period of time. The erection of such a building would require the services of the architect, the skilled mechanic, and various workmen and superintendents. Necessarily the distribution and placing of the beams, vents, and air-shafts, component parts of such a building, and the very things of which the bill complains as diminishing the "floor space" contracted for in the lease, are involved in the exercise of the required special skill, judgment, and discretion in the construction of the building. Under the authorities cited above, and on the facts stated in the bill, we are clearly of the opinion that there cannot be an enforcement of specific performance of the contract in a court of equity.

It is insisted by counsel for appellant that even though the appellant be not entitled to have the contract specifically performed by the decree of the court, yet since

[Bromberg v. Eugenotto Construction Co., et al.]

his prayer for relief is in the alternative for relief by injunction, that he ought to be granted that relief. The prayer for injunction is in the alternative—to restrain the defendant from violating its contract as to the "floor space" leased to complainant, "or" commanding the respondent to perform its contract in this respect. It is insisted that the bill has equity for this purpose. The equity of a bill is to be determined on the facts stated in the bill, and not on the prayer for relief alone. It appears on the face of the bill that the thing complained of as constituting a violation of the contract, and asked to be enjoined, had already been done, and hence the violation was complete at the time of the filing of the bill. There is, therefore, no room for invoking the doctrine of the interposition of a court of equity to prohibit the violation of a contract. As to the alternative prayer for a mandatory injunction to compel the respondent "to so distribute the floor space on the ground floor of said building as to give your orator the amount to which he entitled by the terms of said lease," for the same reasons, in a case like the present one, that a court of equity would decline to enforce a specific performance of the contract, it would refuse to interfere by mandatory injunction. Practically there can be no difference in the application of the two remedies—that of specific performance and mandatory injunction—under the facts in the case. The court, in either event, would be confronted with the proposition of the "special skill, discretion, and judgment" required in the erection of the building. Manifestly the relief sought by injunction would compel a removal of the "beams, vents, and airshafts" which have already been placed, and, for aught that appears, such a thing, if feasible, could not be accomplished without materially deranging the whole plan of structure of the building. We repeat that under the

facts in this case the same principle is involved in the granting of relief by mandatory injunction as in the enforcement of a specific performance of the contract. The case of *Hendricks v. Hughes,* 117 Ala. 591, 23 South. 637, cited by counsel for appellant, is not in point. The facts of the present case clearly differentiate these two cases.

It is further insisted that the bill should be retained for the purpose of compensation in damages. The rule is stated as follows in 20 Ency. Pl. & Pr. p. 483.: "The power to grant relief by way of compensation exists only as ancillary or incidental to grant specific performance. It is only under special circumstances and upon pecular equities, as, for instance, in cases of fraud, or when a party has disabled himself by matters ex post facto from a specific performance, or when there is no adequate remedy at law, that the court awards pecuniary compensation in lieu of other relief. Where the court has no jurisdiction to decree specific performance, and no other special equity intervenes, the bill cannot be retained for the purpose of awarding damages."— *Sims v. McEwen,* 27 Ala. 184; *Harrison v. Deramus,* 33 Ala. 463; 1 Pom. Eq. 237.

The bill here must depend for its equity upon the doctrine of specific performance, and, as we have seen, under the facts stated, that principle cannot be applied. There is no other special equity shown by the facts that would justify a retention of the bill for the purpose of awarding damages. For this purpose the complainant has a complete and adequate remedy at law.

It follows, from what we have said that the decree must be affirmed.

Affirmed.

Simpson, Denson, and McClellan, JJ., concur.