(79 South. 299)

**CRAWFORD v. UNION COTTON OIL CO.**
(6 Div. 700.)

(Supreme Court of Alabama. June 29, 1918.)

NUISANCE ☞50(1)—DAMAGES—NATURE OF INJURY.

In a suit for damages as for nuisance in the maintenance and operation of a cotton oil mill, damages as for permanent injury were improper where the injuries result, not from the effect of the permanent structures, but from the operations carried on therein which were capable of modification or abatement.

Appeal from Circuit Court, Jefferson County; John H. Miller, Judge.

Suit by Mary Crawford against the Union Cotton Oil Company to recover damages for a nuisance. From a decree for defendant, plaintiff appeals. Affirmed.

James Barton and Horace C. Wilkinson, both of Birmingham, for appellant. Tillman, Bradley & Morrow and Chas. E. Rice, all of Birmingham, for appellee.

SAYRE, J. Plaintiff, appellant, sued defendant, appellee, in an action on the case to recover damages alleged to have been caused by defendant's maintenance and operation of a nuisance in the shape of a cotton oil mill. It is alleged:

That defendant's mill was constructed in a neighborhood theretofore set apart to residential purposes, that its sheds and buildings are unsightly—but that is of no legal consequence—and that "during the operation of said plant the machinery therein creates loud, constant, unreasonable, and discomforting noise, and that unpleasant and unwholesome and noxious gases and odors are permitted to emanate therefrom, and that volumes of smoke, steam, soot, lint, and other foreign substances are permitted or allowed to emanate from said plant, and that until, to wit, 10 o'clock, a. m. each morning during the months of November and December, 1915, and January and February, 1916, the sun was obscured from the aforesaid property and homestead of plaintiff on account of great volumes of smoke and steam that emanated from said plant, and as a proximate consequence thereof plaintiff's property has been caused to depreciate in value, and that the market value of same and the rental value of said property has been rendered greatly less valuable."

Plaintiff further alleges that her comfortable enjoyment of her property has been greatly impaired, that her rest has been disturbed, and that she has been caused to suffer great mental and physical pain, all to her great damage, etc. The evidence went to show that defendant's buildings, large and numerous, were constructed of brick, concrete, and steel, and were as permanent as any buildings for the purpose could well be. Plaintiff offered to prove the value of her property before and after the construction and operation of defendant's mill, but the court, on defendant's objection, excluded all evidence to that effect, whereupon plaintiff took a nonsuit with a bill of exceptions.

In our first opinion in this case, prepared by the present writer, it was not intended to say more than that a finding of permanent injury was possible, and that plaintiff's evidence tending to show the measure of her damage in case of such finding should have been admitted. This would have left the question as to the recovery of damages as for permanent injury one for jury decision. But upon further consideration the court is of opinion that there was a failure at that time to discriminate between a nuisance created as the necessary and permanent effect of a permanent structure and one created by the operations carried on therein, that the nuisance complained of arose no: from defendant's buildings, but from the operations carried on therein, and that the former opinion should have recognized the fact that defendant's alleged harmful operations might be modified, diverted into new and harmless channels, or even abated altogether, and that the case properly fell under the controlling influence of the decision in Sloss-Sheffield Co. v. Mitchell, 161 Ala. 278, 49 South. 851, where it was held, in effect, that damages for the whole injury, past and prospective, should be allowed only in cases where the injury is shown to be permanent and the cause of it unabatable. There has been no purpose to breach the rule of the Mitchell Case; and while the application of that rule to the case in hand is not so obvious altogether as the brief on rehearing seems to assume, nor has it been greatly illumined by the facts of other cases which are stated in the brief, still, upon further reflection, the court finds the case plain enough to require the withdrawal of the former opinion and the entry of a judgment of affirmance on the ground that the nuisance complained of was of such character that damages for its maintenance were properly assessable upon the assumption that defendant would correct the cause of them, as the trial court held. Mitchell Case, supra.

Affirmed.

ANDERSON, C. J., and McCLELLAN and GARDNER, JJ., concur.