(122 So. 336)

**McDOWELL v. HERREN et al.   (7 Div. 867.)**

Supreme Court of Alabama.   April 18, 1929.

Rehearing Denied May 23, 1929.

Chas. F. Douglas, of Anniston, for appellant.

John D. Bibb and R. M. Woolf, of Anniston, for appellees.

ANDERSON, C. J.   The bill is to quiet title and charges that one Haynes is setting up a claim to or upon the land involved. The bill also avers that the complainant claims title under a deed from the Herrens and that Haynes claims under a lien or title against the Herrens prior to his said deed. The Herrens were therefore proper, if not necessary, parties to the cause, and the bill was not subject to demurrer as for improper parties. Smith v. Gaines, 210 Ala. 245, 97 So. 739.

The Herrens being the common source of title of complainant, and the title or claim of the principal respondent, they should be given the opportunity to make good their warranty by giving evidence to defeat the adverse claim, or by removing such incumbrance, if sustained.

■■ It is true that when the equity of a bill fails, it cannot be retained for granting relief available at law. Note 19 L. R. A. (N. S.) page 1065, Brauer v. Laughlin, 235 Ill. 265, 85 N. E. 283; Collier v. Collier (N. J. Ch.) 33 A. 193; Pond v. Lockwood, 8 Ala. 669; Bromberg v. Eugenotto Const. Co., 158 Ala. 323, 48 So. 60, 19 L. R. A. (N. S.) 1175. But it does not follow that the equity of a statutory bill to quiet title has failed by an adjudication that respondent Haynes has a superior lien or claim. The purpose of the statute is to adjudicate adverse claims. If the complainant avers and proves the jurisdictional facts prescribed by the statute, he is entitled to have respondent's title set up and adjudicated. This is the relief prayed, and the purpose of the bill is obtained, whether the adverse claim is held good or bad. It follows that in the event such claim is held good, the court of equity should proceed to grant such further relief against any party properly brought before the court in adjudicating the adverse claim, as may be required to do complete justice, whether such additional relief may be had by separate action at law.

We think the bill presents a case well within the beneficial provisions of the statute, and seeks an opportunity to adjudge the rights and obligations of all parties in one suit.

■ Moreover, it is conceded that the bill states equity and prays for proper relief, and the fact that it may pray for further though unwarranted relief would not subject it to demurrer. This is redundant matter which should be disregarded. Wilks v. Wilks, 176 Ala. 151, 57 So. 776; Rosenau v. Powell, 173 Ala. 123, 55 So. 789.

The trial court erred in sustaining the demurrer to the bill and a decree is here rendered overruling the same, and the decree of the circuit court is reversed and the cause is remanded.

Reversed, rendered, and remanded.

GARDNER, BOULDIN, and FOSTER, JJ., concur.