(129 So. 50)

**CITY OF BIRMINGHAM v. EVANS.**

**6 Div. 681.**

Supreme Court of Alabama.

June 14, 1930.

382

Wilkinson & Burton and Frank A. Wilkinson, all of Birmingham, for appellant.

Wm. A. Jacobs, of Birmingham, for appellee.

FOSTER, J.

There was a judgment for appellee against appellant, city of Birmingham, for damage claimed to her house and lot by lowering the grade of a public alley along the back of her

lot, by cutting down five or six feet, and rendering the lot inaccessible from the alley.

Appellant cites authorities in other states to the effect that, in the absence of statutory or constitutional provisions, there can be no recovery for consequential damages to property growing out of the original establishment of the grade of a street. Authorities in other states are in conflict on this subject. 44 Corpus Juris, 427, 428..

■ Questions of this nature have long been settled in Alabama. To restate briefly the rule, as so well settled, it is that without section 235, Constitution, or its equivalent, no such damages were recoverable. By the adoption of that provision in the Constitution of 1875, and continuing it in effect in that of 1901, consequential damages to adjoining property, resulting from a change or improvement in the streets while engaged in the construction, enlargement, or improvement of the same, may be recovered. The question of whether it is the original establishment of the grade is immaterial in the light of the rule as finally settled in the cases of Avondale v. Mc-Farland, 101 Ala. 381, 13 So. 504; McEachin v. Tuscaloosa, 164 Ala. 263, 51 So. 153. If it were but an exercise of the police power, in the absence of an abuse of such power, compensation would not be due. Birmingham v. Graves, 200 Ala. 463, 76 So. 395.

■ Charge A given at the request of plaintiff, when tested by the principles we have discussed, the pleadings and evidence did not state an incorrect proposition and was not reversible error.

■■ Depreciation in the market value of the property caused by the improvement is a proper element of the damages claimed. Evidence which shows such depreciation, including facts which affect the question, such as inconvenience of ingress and egress (Batterton v. Birmingham, 218 Ala. 489, 119 So. 13), manner and details of construction, destruction of fences, etc., would seem to be material. Not that they constitute separate items of special damages, but rather indicate the nature and extent of the improvement and its effect upon the value of the property. Moreover, the complaint claims special damages due to the difficulty of access, occasioned by defendant. The opinion of witnesses as to its effect upon the value of the property is only one species of proof available for that purpose.

■■ Therefore, charges 28 and 18 were refused appellant without reversible error. Likewise the court did not err in overruling a general objection to evidence that in accomplishing the work the city tore down plaintiff's fence.

■ We cannot say that the court erred in not setting aside the verdict and judgment because it was excessive. There was ample evidence to support it. The complaint, we think, was not subject to the demurrer argued by counsel (grounds 11, 12, and 13). It insufficiently refers to the filing of the claim within one year after the accrual thereof.

We find no reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.