36 So.2d 321

## FRICKE v. CITY OF GUNTERSVILLE.

### 8 Div. 438.

Supreme Court of Alabama.

June 30, 1948.

Marion F. Lusk, of Guntersville, for appellant.

Starnes & Starnes, of Guntersville, for appellee.

LAWSON, Justice.

By this appeal appellant, who was the complainant below, seeks to reverse a decree of the circuit court of Marshall County, in equity, refusing to require the City of Guntersville to fill or cover a drainage ditch.

Block 41 of the City of Guntersville is bounded on the north by Gilbreath Street, on the west by O'Brig Avenue, on the south by Henry Street, and on the west by Dunlap Avenue. There is an alley 20 feet wide which runs through the block from north to south, thus connecting Gilbreath and Henry Streets.

John D. Fricke, a minor, owns lots 1, 3, and 5 in Block 41, according to the Richardson survey of the town of Guntersville. These lots are 50 feet wide and front on O'Brig Avenue. Lot no. 1, the northernmost of the three, is bounded on the north by Gilbreath Avenue. All of the lots are bounded on the east by the aforementioned alley. Lot no. 7 of the Richardson survey, which is owned by a person not here involved, is immediately south of lot no. 5, owned by Fricke. Considering these lots as one parcel of land, it is bounded on the north by Gilbreath Street, on the west by O'Brig Avenue, on the south by lot no. 7, and on the east by the alley. A residence is located on lot no. 5. The other two lots are vacant, but are used by complainant and his mother, with whom he lives, as a garden.

The northeastern portion of lot no. 1, which is also the northeastern corner of the block, is the highest point in the block. For a number of years surface water has flowed from this property in a southeasterly direction, across the alley, onto the property situated east of the alley. The property east of the alley is used exclusively for business purposes with the business establishments fronting on Dunlap Avenue. On numerous occasions when there has been excessive rainfall the business property east of the alley and the merchandise

in the stores and shops have been considerably damaged as a result of the water flowing from Fricke's property across the alley onto the property east of the alley.

In order to alleviate this situation the City of Guntersville had a drainage ditch dug in the alley along its western boundary, which is along the eastern boundary of complainant's property. This ditch is three feet wide. It is six feet deep at the northern end and three feet deep where it bounds the last 50 feet of complainant's property, which is lot no. 5. As a result, the surface water which had theretofore run across the alley onto the business property is caught in the ditch and then flows north into a culvert which leads to the north side of Gilbreath Street.

The City did not consult Fricke or his guardian before undertaking this drainage project. But they saw the work being done and made no complaint until it was completed. Thereafter, Mrs. Fricke, the guardian and mother, complained of the ditch to the city authorities. They installed tile and covered the northernmost 100 feet of the ditch but left open the 50 feet of the ditch which is adjacent to lot no. 5.

This suit was instituted by Fricke, through his guardian, Mrs. Rebecca Fricke, to require the City to fill or cover the 50 feet of the ditch which runs along the eastern boundary of lot no. 5, on the ground that it is a nuisance and should be abated. As before indicated, the refusal of the trial court to so require the City has precipitated this appeal.

The complainant's evidence tended to show that the ditch deprives access to lot no. 5 from the alley; that the alley deprives his property of support and as a result his land is "sluffing off" into the ditch; that the ditch is dangerous and unlighted.

The evidence for the City shows that the ditch was not dug until the authorities of the City had been advised by competent engineers that it was the most feasible way of preventing damage to the property east of the alley; that it is necessary for this portion of the ditch to remain open so as to catch the surface water; that they offered to construct a bridge or driveway so that complainant could have access to lot no. 5 from the alley but that this offer was refused; that they are willing to pay such damage as has resulted to complainant from the digging of the ditch. It is without dispute in the evidence that this drainage project has resulted in great benefit to the property owners and their tenants on the east side of the alley.

■ This court has held that "there can be no abatable nuisance for doing in a proper manner what is authorized by law." Branyon v. Kirk, 238 Ala. 321, 191 So. 345, 349; Harris v. Town of Tarrant City, 221 Ala. 558, 130 So. 83.

■ The cities of this State are expressly given the authority to make all needful drainage improvements. § 601, Title 37, Code 1940.

■ It is certain that this was a needed improvement and we think that the evidence shows it was done in a proper manner.

We hold, therefore, that the trial court correctly refused to require the City to fill in or cover that portion of the drainage ditch here involved. That is the only provision of the decree here for review. The right of the complainant to recover damages under § 235 of the Constitution is not here involved.

The decree is affirmed.

Affirmed.

GARDNER, C. J., and SIMPSON and STAKELY, JJ., concur.