80 So.2d 224

L. L. McCURDY

v.

Birtice SAMPLES et al.

7 Div. 267.

Supreme Court of Alabama.

May 12, 1955.

486

Max J. Howard and W. M. Beck, Fort Payne, for appellees.

C. A. Wolfes and Leonard Crawford, Fort Payne, for appellant.

STAKELY, Justice.

Fundamentally the question for decision is whether a court of equity under the facts in this case has power to condemn a right of way under the principle of eminent domain. Robert Samples under the provisions of § 56, Title 19, Code of 1940, filed an application in the Probate Court of DeKalb County seeking to have a right of way condemned over certain lands of L. L. McCurdy (appellant) situated in DeKalb County.

It is alleged that the purpose for which the land is sought to be condemned is to procure a right of way over the intervening land of L. L. McCurdy so as to give to the petitioner a way of egress and ingress from and to his land, it being alleged that the easement desired over the intervening land is 15 feet in width and that the land of L. L. McCurdy lies between the petitioner's land and the public road. Upon a hearing the Probate Court of DeKalb County disallowed the application of Robert Samples and dismissed his petition. From this order Robert Samples took an appeal to the Circuit Court of DeKalb County, as provided by § 20, Title 19, Code of 1940.

Subsequently Robert Samples filed a petition in the Circuit Court of DeKalb County to transfer the cause to the equity side of the docket, the grounds for the removal to the equity side of the docket being in substance: (1) that the plaintiff is a landowner in DeKalb County, Alabama, and his land does not abut or touch on any public road and that just before the commencement of this suit the plaintiff was using a way of ingress and egress to and from his land and had used this way from the time he purchased his land and further through no fault of the plaintiff the defendant blocked his way in such a manner that the plaintiff could not travel over it and accordingly he has not been able to go to and from his land to a public road, and (2) that the road in question from the complainant's land over the respondent's land to the public road has become a public road under the doctrine of prescription by reason of usage by the public for more than 20 years. The court overruled the demurrer to the petition to transfer and transferred the cause to the equity side of the docket.

Subsequently Robert Samples filed his bill of complaint in the circuit court, in equity, against L. L. McCurdy, alleging substantially in his bill as grounds for relief the bases for relief set forth in the foregoing petition. The demurrer to the bill was overruled and answer thereupon filed. In connection with the filing of the bill the court granted a temporary injunction restraining L. L. McCurdy from blocking the alleged right of way. Subsequently on a petition showing that Robert Samples had died pending the proceedings, the case was revived by order of the court in the name of the widow and children of Robert Samples.

The case was tried orally before the court with the result that the court concluded, and we think correctly so, that no road had been established over the land of L. L. McCurdy by prescription. However, the court considered that the complainants were entitled to the condemnation of a right of way over the lands of L. L. McCurdy under the provisions of § 56, Title 19, Code of 1940. The court thereupon condemned a right of way and made the injunction against blockage of such right of way permanent. The appeal here is from the aforesaid decree.

■ This court has held that the right of eminent domain lies dormant in the state until legislative action is had pointing out the occasion, mode, conditions and agencies for its exercise and that the right to exercise the power must be conferred by statute either in express words or by necessary implication and is not to be gathered from doubtful inferences. Dean v. County Board of Education, 210 Ala. 256, 257, 97 So. 741. Furthermore this court has held that the grant of power of eminent domain is one of the attributes of sovereignty inherent in the state, does not pass by implication and that statutes conferring the right must be strictly construed. Blanton v. Fagerstrom, 249 Ala. 485, 31 So.2d 330, 172 A.L.R. 128. It should be added that the exercise of the right of eminent domain is not one of the heads of equity and accordingly an equity court ordinarily has no power to condemn property or assess compensation therefor. 29 C.J.S., Eminent Domain, § 232, p. 1195.

We call attention to the fact that the original proceedings in this cause were for condemnation of a right of way and were filed under the provisions of § 56, Title 19, Code of 1940. This section expressly provides that in order to exercise the right of condemnation given in § 56, there must be an application to the probate court of the county in which the lands are located over which such right of way is desired.

488

In § 20, Title 19, Code of 1940, under which the appeal from the ruling of the probate court is taken, the right of appeal is given to the circuit court or court of like jurisdiction to proceed to condemn the property if the court determines that the application should be granted and further to award the damages in compensation. No provision is made in any of the foregoing statutes for condemnation to be exercised in an equity court.

However, in the instant case the cause was transferred on the petition of the complainant from the law side to the equity side of the circuit court. We have a line of authorities in this state in which such procedure may be followed where certain equitable principles are involved. For example in Montgomery v. Alabama Power Co., 250 Ala. 441, 34 So.2d 573, it was shown that condemnation could be had in the equity court where a company having the power of eminent domain and believing that it had a valid deed to an easement over the property over which it desired to establish its power line and poles, proceeded to take possession of what it believed to be its property and made expenditures in connection with the erection of its poles and the construction of its power lines. When a suit for damages was brought for trespass upon the lands by those holding the legal title, it was held that the suit could be enjoined and the property condemned upon payment by the power company of just compensation for the lands. The court held that if the owners stood by and knowingly allowed the power company to enter the land and make expenditures to construct its power lines, there was an equitable estoppel against the owners and on the theory of equitable estoppel the court held that condemnation could be had in the equity court and an injunction issued to prevent the suit in trespass. In this connection we refer to other cases such as Barber v. Martin, 240 Ala. 656, 200 So. 787; Ex parte Holzer, 219 Ala. 431, 122 So. 421.

Returning to a consideration of the instant case we ask what is the ground on which an equity court can intervene? The court expressly held that there was no

blockade of a public road which had been established by prescription. It cannot be said that the complainant on account of the location of his lands has what is designated as a way of necessity. In Trump v. McDonnell, 120 Ala. 200, 24 So. 353, 354, a way of necessity is defined as follows: " 'A way of necessity arises where the owner sells land to another which is wholly surrounded by the land of the grantor, or partly by the land of the grantor and partly by the land of a stranger.' " In the case here referred to an injunction was denied by the court. See also Hamby v. Stepleton, 221 Ala. 536, 130 So. 76. There is nothing in the record to show that title to the Sample property was secured from L. L. McCurdy. In fact deed to the property was made to Robert Samples and his wife Birtice Samples by Gordon Davis and his wife Rubie Davis.

In the case at bar the complainant is in the position of having no legal right to any established right of way. Accordingly, he has no right which can at the present time be protected by injunction. A right of way must first be established under § 56, and then if the right of way is blocked, injunction could lie. In other words, we find no basis upon which the court could condemn the right of way in the equity court under the provisions of § 56, where the statutes plainly provide that such condemnation must be had in the circuit court, where an appeal is taken from the probate court.

The bill of complaint filed in the equity court presents a ground for equitable relief and in the alternative a ground for relief available at law. This resulted when the court overruled demurrer to the bill of complaint. The equitable relief is based on the blockade of a roadway in which the complainant has a special interest. Scruggs v. Beason, 246 Ala. 405, 20 So.2d 774. The relief available at law is the right to condemn a right of way where the complainant has no access to a public road. § 56, Title 19, Code of 1940. The court held that the complainants were not entitled to equitable relief because of failure of proof. Hence the equity court could not retain jurisdiction to grant relief available at

law.  McDowell v. Herren, 219 Ala. 370, 122 So. 336; Yauger v. Taylor, 218 Ala. 235, 118 So. 271; Pritchett v. Wade, 261 Ala. 156, 73 So.2d 533.

Upon a consideration of the evidence when the court ascertained that there was no equitable right involved, the cause should have been retransferred to the law side of the circuit court as provided by § 155, Title 13, Code of 1940.  Perry v. Warnock, 246 Ala. 470, 20 So.2d 867.

In view of what has been said the decree of the circuit court is reversed and the cause remanded.

Reversed and remanded.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.