127 So.2d 606

**CITY OF HUNTSVILLE**

v.

**E. P. MILLER et al.**

**8 Div. 917.**

Supreme Court of Alabama.

Oct. 16, 1958.

Rehearing Denied March 2, 1961.

Smith, Johnston & Butler, Huntsville, for appellant.

Watts, Salmon & Roberts, Huntsville, for appellees.

GOODWYN, Justice.

Complainants, appellees here, filed a bill of complaint in the circuit court of Madison County, in equity, against the City of Huntsville, appellant here, seeking to enjoin, as a nuisance, the collection by said City of surface waters in the vicinity of complainants' lands and depositing such waters on said lands, and also seeking damages to the lands resulting therefrom. In its final decree, after the taking of testimony ore tenus, the trial court denied injunctive relief but awarded damages to complainants. The City appeals from that decree.

At the threshold, we are confronted with a jurisdictional question: Can a court of equity, after denying all equitable relief sought in a cause, retain jurisdiction and grant relief available at law? Our cases hold that it cannot; that it is a matter of jurisdiction which this court must notice even though no issue on the point is made by the parties.

It is thus stated in Yauger v. Taylor, 218 Ala. 235, 238, 118 So. 271, 274:

"The rule is general and well recognized that when an equitable cause is presented, the court will, after granting the equitable relief, proceed to do complete equity, and to that end grant incidental relief which may be awarded at law. But the rule is likewise as firmly settled that if the equitable relief sought is denied, the court can-

not retain jurisdiction and grant relief available at law. There must be equitable relief as a basis for supplemental relief."

The rule is stated in Dickinson v. Bradford, 59 Ala. 581, 586, 31 Am.Rep. 23, as follows:

" * * * A court of equity having jurisdiction of a case, will generally settle the entire litigation, though it may involve the enforcement of legal demands, for which there is an adequate remedy at law. This is true only when the court has jurisdiction of the primary purposes of the bill, and the right to relief in respect to them is shown, and the legal demand is consequent to them. The rule does not apply when the primary objects of the bill fail. * * * "

The rule has been adhered to consistently in an unbroken line of cases. See: McCurdy v. Samples, 262 Ala. 485, 488–489, 80 So.2d 224; Pritchett v. Wade, 261 Ala. 156, 162, 73 So.2d 533; Comer v. Limbaugh, 256 Ala. 655, 660, 57 So.2d 72; Lane v. Roma Lumber Co., 234 Ala. 551, 553, 176 So. 283; McDowell v. Herren, 219 Ala. 370, 371, 122 So. 336; Bromberg v. Eugenotto Construction Co., 158 Ala. 323, 48 So. 60, 19 L.R.A.,N.S., 1175; Wilson's Adm'r v. Holt, 91 Ala. 204, 212, 8 So. 794; Dickinson v. Bradford, 59 Ala. 581, 586, supra; Hause v. Hause, 57 Ala. 262, 266; Pond v. Lockwood, 8 Ala. 669, 677.

In 1 Pomeroy's Equity Jurisprudence, 5th Ed., § 237d, p. 436, the author states:

"The doctrine that equity, having once become possessed of a cause, will retain it for the purpose of administering full and complete relief, does not apply when the facts relied on to sustain the equity jurisdiction fail of establishment. The award of mere compensatory damages, which are almost always unliquidated, is a remedy peculiarly belonging to the province of the law courts, requiring the aid of a jury in their assessment, and inappropriate to the judicial position and functions of a chancellor. It may be stated, therefore, as a general proposition, that a court of equity declines the jurisdiction to grant mere compensatory damages, when they are not given in addition to or as an incident of some other special equitable relief, unless under special circumstances the exercise of such jurisdiction may be requisite to promote the ends of justice. This is especially true where such a course would operate to deprive a party of his constitutional right of a trial by jury."

■ The fact that the parties have raised no question concerning jurisdiction, either in the trial court or here, and invite the court to consider the case on its merits, is not controlling. Lack of jurisdiction cannot be waived or supplied by consent of the parties. Wilkinson v. Henry, 221 Ala. 254, 256, 128 So. 362, 364, 70 A.L.R. 712. In that case it was said:

"We are confronted at the very threshold of the case with the question of jurisdiction of a court of equity to interfere in such matters, and it is of no consequence that the parties have not stressed the point, and invite the court to consider the case on what they consider to be its merits. The question of jurisdiction is always fundamental. It would amount to usurpation and oppression for a court to interfere in a matter over which it has no jurisdiction, and its pronouncements in respect thereto would be without force, and its decrees and judgments would be wholly void. This is a universal principle, as old as the law itself; hence the question of jurisdiction is a question of primary importance in every case, and, if there is an absence of jurisdiction over the subject-matter, this ends the inquiry; it cannot be waived or supplied by consent. * * * "

And it has been said that "jurisdiction of the subject-matter cannot be conferred up-

on any court by estoppel, or even by affirmative agreement." Henderson v. Hall, 134 Ala. 455, 506, 32 So. 840, 852, 63 L.R.A. 673. Cf. Randolph v. Randolph, 245 Ala. 689, 693, 18 So.2d 555. Even though the parties do not raise the issue, the trial court should dismiss the bill at the hearing if a proper case for equitable relief is not made out or transfer the cause to the law side of the court if there is an adequate remedy at law. Code 1940, Tit. 13, § 149.

It is to be noted that there is no cross-assignment of error questioning the trial court's denial of equitable relief. Hence, no question on that score is presented for review.

■ We must consider, ex mero motu, questions of jurisdiction; and where a judgment appealed from is void for want of jurisdiction we have no alternative but to dismiss the appeal. Alabama Public Service Commission v. McGill, 260 Ala. 361, 362, 71 So.2d 12; Mitchell v. Hammond, 252 Ala. 81, 84, 39 So.2d 582; Craig v. Root, 247 Ala. 479, 484, 25 So.2d 147; Freeman v. Swan, 22 Ala. 106, 115; Carter v. Hinkle, 13 Ala. 529, 533; Wyatt v. Judge, 7 Port. 37, 38–40; 5 C.J.S. Appeal & Error, §§ 1477, 1480, pp. 740, 747. From the early case of Wyatt v. Judge, supra, is the following:

"* * * [W]e think the record shows that the Circuit court had no jurisdiction of the case. * * * It may perhaps be thought, that inasmuch as this objection was not expressly made in the Circuit court, it should not be regarded here. We understand the law to be otherwise. It was the duty of the Circuit court mero motu to have repudiated the appeal * * * and it is certainly our duty to do what that court should have done. * * * [T]he want of jurisdiction was allowable in the appellate court, though not made below. * * * [W]ant of jurisdiction of the subject matter was determined not to be aided by a plea to the merits. And the true doctrine is, that consent, whether express or

implied, cannot give jurisdiction. * * *"

The trial court having determined that complainants were not entitled to equitable relief it was without jurisdiction to award damages to complainants. Accordingly, the decree appealed from is void and the appeal must be dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.

On Rehearing.

GOODWYN, Justice.

We placed the case on the rehearing docket for the purpose of considering the applicability of the following cases, viz.: Mobile County v. Barnes-Creary Supply Co., 225 Ala. 127, 129, 142 So. 72, and McGowin v. City of Mobile, 241 Ala. 576, 578, 4 So.2d 161.

In those cases it was held that equity had jurisdiction to enjoin a proposed taking of or injury to land without just compensation being first paid therefor as required by § 235, Constitution 1901. The basis for such holding is thus stated in Mobile County v. Barnes-Creary Supply Co., supra [225 Ala. 127, 142 So. 73]:

"The bill is rested upon the theory that the property of complainant is being taken, injured, or destroyed by the proposed improvement of the highway abutting its property, without compensation being first paid therefor, in violation of section 235 of our State Constitution. It is settled by our decisions that the right to compensation for 'injury' to land by the 'construction or enlargement of its works, highways, or improvements' by any corporation (section 235, supra) is placed upon the same basis as the taking thereof, and that the same remedies and the limitations thereto apply to the one as to the

other. Birmingham Belt Ry. Co. **v.** Lockwood, 150 Ala. 610, 43 So. 819.

"Injunctive relief does not rest upon any averment of irreparable injury to the owner, but upon the inadequacy of the legal remedy to protect his constitutional right in its entirety, as a court of law is unable to compel the payment of compensation to the owner before his property is taken, injured, or destroyed. The ownership being admitted, or clearly established, and the fundamental law being plain that compensation must be paid before the property is taken, the owner is entitled to the intervention of a court of equity. * * *"

■ There is, however, a material distinction between those cases and the one now before us. Here, the injury to complainants' land had already occurred, thus rendering the stated principle inapposite for that reason, if for no other.

Those cases also hold that "the equity of the bill being established, a court of equity, if the enforcement of such injunctive relief appears impracticable or unjust, has the power to so mold its decree as to award damages in lieu of such relief." So, the question is, Does the bill have equity on some other ground? In other words, to state the question more specifically, Is the maintenance by the City of an already existing system for the drainage of surface waters which causes injury or damage to another's land, subject to abatement in equity? A negative answer to this question is found in the following from Harris v. Town of Tarrant City, 221 Ala. 558, 560, 130 So. 83, 85:

"* * * [W]hen a city in the exercise of its duty adopts a system of drainage to care for the rainwater and constructs storm sewers or ditches for that purpose, especially one of the size here considered, it would be treated as of such character as to be embraced in section 235, and could not ordinarily be abated, but it would subject the city

to liability for such compensation as is contemplated by the Constitution. But for the negligent maintenance of such sewers and ditches resulting in damages, the liability would not necessarily be controlled by the nature of the structure. The damages for the construction of the improvement is as though it were permanent for that it is not abatable. But for an improper or negligent maintenance the rule applicable to an abatable condition has application."

The last two sentences of the foregoing have reference to the following from the same case, viz.:

"* * * For an abatable nuisance the cause of action does not arise until the harmful consequences occur, and each occurrence or recurrence of such damages constitutes a separate cause of action. Alabama Great So. R. R. Co. v. Shahan, 116 Ala. 302, 22 So. 509; Sloss-Sheffield Steel & Iron Co. v. Mitchell, 161 Ala. 278, 49 So. 851; Crawford v. Union Cotton Oil Co., 202 Ala. 3, 79 So. 299. But for an injury by a permanent and unabatable condition the damages are estimated on the hypothesis of an indefinite continuance of the nuisance, and thus affecting the permanent value of the property. In such event, one may not recover in successive suits, but his damages are awarded in solido in one action. Sloss-Sheffield Steel & Iron Co. v. Mitchell, supra; Crawford v. Union Cotton Oil Co., supra.

"The principles of the above cases as now controlled by what is section 235 of the Constitution apply to cities. Section 235 of the Constitution makes a city liable for just compensation for the damages which accrue from 'the construction or enlargement of its works, highways, or improvements.' Under this section changes in the grade of a street and other improvements of it working damage to adjacent property is held compensable as for a permanent

injury. [City of] Birmingham v. Evans (Ala.Sup.) [221 Ala. 381] 129 So. 50; [City of] Eufaula v. Simmons, 86 Ala. 515, 6 So. 47; [Town of] Avondale v. McFarland, 101 Ala. 381, 13 So. 504; Batterton v. [City of] Birmingham, 218 Ala. 489, 119 So. 13.

"Likewise, after the improvement is complete the city is responsible for the careless and negligent manner in which it is maintained by it. [City of] Birmingham v. Crane, 175 Ala. 90, 56 So. 723; [City of] Birmingham v. Greer, 220 Ala. 678, 126 So. 859; City Council of Montgomery v. Gilmer, 33 Ala. 116, 70 Am.Dec. 562."

In City of Birmingham v. Flowers, 224 Ala. 279, 281, 140 So. 353, 354, reference is made to the case of Harris v. Town of Tarrant City, supra, as drawing "the same distinction that we have attempted in the present opinion; that is, if the improvement is of a permanent character and not abatable as a nuisance, the injury thereby done should be assessed in solido. * * *"

See also, Fricke v. City of Guntersville, 251 Ala. 63, 64, 36 So.2d 321, 322, from which we quote the following:

"This court has held that 'there can be no abatable nuisance for doing in a proper manner what is authorized by law.' Branyon v. Kirk, 238 Ala. 321, 191 So. 345, 349; Harris v. Town of Tarrant City, 221 Ala. 558, 130 So. 83.

"The cities of this State are expressly given the authority to make all needful drainage improvements. § 601, Title 37, Code 1940.

"It is certain that this was a needed improvement and we think that the evidence shows it was done in a proper manner."

It is to be noted that the trial court concluded that the complaint does not charge the city with negligence in the construction or maintenance of the drainage system emptying the surface waters into the Wellman ditch running through complainants' property.

See, also, Branyon v. Kirk, 238 Ala. 321, 326, 191 So. 345, 349, supra, where it was said:

"* * * The liability of a city to adjoining property owners for the consequences of its highway and drainage construction, by which levels are changed and drains and gutters constructed in the streets, have been heretofore treated as a permanent and unabatable condition, with consequences materially different from those occasioned by abatable nuisances. Harris v. Town of Tarrant City, 221 Ala. 558, 130 So. 83; City of Birmingham v. Evans, 221 Ala. 381, 129 So. 50."

We forego a discussion of the evidence "for fear its consideration on another trial may be prejudiced, however careful the language of discussion." Holderfield v. Deen, 269 Ala. 260, 262, 112 So.2d 448, 450; Frost v. Johnson, 256 Ala. 383, 386-387, 54 So.2d 897; German-American Wholesale Optical Co. v. Rosen, 233 Ala. 105, 170 So. 211; Parker v. Hayes Lumber Co., 221 Ala. 73, 127 So. 504.

It is our view that the bill is not one calling for equitable relief and that the equity court was without jurisdiction to award damages to complainants. See § 149, Tit. 13, Code 1940.

Rehearing denied.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.